ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler, CA Bar No. 179572
Jennifer L. Monk, CA Bar No. 245512
24910 Las Brisas Road, Suite 110
Murrieta, CA 92562
Telephone: (951) 304-7583
Facsimile: (951) 600-4996
rtyler@faith-freedom.com
jmonk@faith-freedom.com

Attorneys for Plaintiffs
CHAD FARNAN, BILL FARNAN and TERESA FARNAN

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **CHAD FARNAN**, a minor, by and through his parents **BILL FARNAN** and **TERESA FARNAN**;<br><br>    Plaintiffs,<br><br>  vs.<br><br>**CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT**, individually and in his official capacity as an employee of Capistrano Unified School District; and **DOES 1 through 20** inclusive,<br><br>   Defendants. | Case No.: SACV07-1434 JVS (ANX)<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE**<br><br>Date:  August 31, 2009<br>Time:  1:30 p.m.<br>Dept:  10C<br>Judge:  James V. Selna |

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

INTRODUCTION.............................................................................................................1

ARGUMENT .................................................................................................................... 2

I.    THIS COURT SHOULD DENY DEFENDANTS' MOTION FOR ORDER AMENDING SCHEDULING ORDER BECAUSE DEFENDANTS CANNOT ESTABLISH "GOOD CAUSE" AND SUCH AN ORDER WOULD UNDULY PREJUDICE PLAINTIFFS .................................................................................................. 3

II.    THIS COURT SHOULD DENY DEFENDANTS MOTION TO AMEND THEIR ANSWER BECAUSE "JUSTICE DOES NOT SO REQUIRE" ........................................................................................... 5

    A.    *Defendants Should Not Be Granted Leave to Amend Their Answer Because the Amendment Is Sought in Bad Faith.* .................. 6

        1.    Defendants' motion to amend their Answer has no legitimate value ..................................................................... 7

        2.    Defendants' motion was not sought in a timely fashion as the qualified immunity defense was both available and obvious from the outset of this litigation .......... 7

    B.    *Defendants Should Not Be Granted Leave to Amend Their Answer Because the Amendment Is Futile* ....................................... 10

    C.    *Defendants Should Not Be Granted Leave to Amend Their Answer Because The Amendment Will Cause Undue Prejudice* ...................................................................................... 11

        1.    Granting leave to amend would result in grave injustice to Plaintiffs ..................................................... 12

        2.    Defendants' attempts to assert why prejudice will not result to Plaintiff are ineffective ............................................ 14

i

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

    D.  *Defendants Should Not Be Granted Leave to Amend Their*

       *Answer Because the Amendment Will Cause Undue Delay* ............. 17

CONCLUSION .................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Arizonans for Official English v. Arizona*,
   520 U.S. 43 (1997) ................................................................. 17

*Belanger v. Madera Unified School Dist.*,
   963 F.2d 248 (9th Cir. 1992) ................................................... 18

*Bernhardt v. County of Los Angeles*,
   279 F.3d 862 (9th Cir. 2002) ................................................... 16

*Browning v. Vernon*,
   44 F.3d 818 (9th Cir.1995) ...................................................... 10

*Campbell v. Emory Clinic*,
   166 F.3d 1157 (11th Cir. 1999) .................................... 6, 14, 21

*Castaldo v. Stone*,
   192 F. Supp. 2d 1124 (D. Col. 2001) ................................... 9, 13

*Cummins v. Campbell*,
   44 F.3d 847 (10th Cir. 1994) ................................................... 16

*E.E.O.C. v. Boeing Co.*,
   843 F.2d 1213 (9th Cir.) .......................................................... 21

*Engleson v. Burlington Northern R.R. Co.*,
   108 F.R.D. 138 (D.Me. 1985) .................................................... 6

*Fox v. Board of Trustees of State Univ. of N.Y.*,
   42 F.3d 135 (2nd Cir. 1994) .................................................... 16

*Gomez v. Toledo*,
   446 U.S. 635 (1980) ................................................................ 19

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ............................................................ 9, 19

**OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE**

SACV07-1434 JVS (ANX)

*Harper v. Poway Unified School Dist.,*
   318 Fed.Appx. 540 (9th Cir. 2009) ........................................................ 16

*Hicks v. Feeney,*
   850 F.2d 152, 155 n. 4 (3rd Cir. 1988) ................................................... 16

*Hopkins v. Saunders,*
   199 F.3d 968 (8th Cir. 1999) ................................................................. 16

*Jackson v. Bank of Haw.,*
   902 F.2d 1385 (9th Cir. 1990) ................................................... 14, 16, 21

*Jeffers v. Gomez,*
   267 F.3d 895 (9th Cir. 2001) ................................................................. 10

*Johnson v. Buckly,*
   356 F.3d 1067 (9th Cir. 2004) ................................................................. 7

*Johnson v. Mammoth Recreations, Inc.,*
   975 F.2d 604 (9th Cir. 1992) ......................................................... 4, 5, 6

*Johnson v. Summer,*
   488 F.Supp. 83 (N.D.Miss.1980) .......................................................... 15

*Jordan v. County of Los Angeles,*
   669 F.2d 1311 (9th Cir.) ....................................................................... 21

*Morongo Band of Mission Indians v. Rose,*
   893 F.2d 1074 (9th Cir. 1990) .............................................................. 2, 3

*New.Net, Inc. v. Lavasoft,*
   356 F. Supp. 2d 1071 (C.D. Cal. 2003) ................................................. 20

*Nunes v. Ashcroft,*
   348 F. 3d 815 (9th Cir. 2003) ................................................................. 7

*Pearson v. Callahan,*
   129 S. Ct. 808 (2009) ............................................................................ 11

*Peterson v. Highland Music, Inc.,*
   140 F.3d 1313 (9th Cir. 1998) .............................................................. 19

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE
      SACV07-1434 JVS (ANX)

*Rheuark v. Shaw*,

   628 F.2d 297 (5th Cir. 1980)")..................................................................... 17

*Ruvalcaba v. Los Angeles*,

   167 F.3d 514 (9th Cir. 1999) ..................................................................... 16

*Saucier v. Katz*,

   533 U.S. 194 (2001) ..................................................................................... 11

*Solomon v. N. Am. Life & Cas. Ins. Co.*,

   151 F.3d 1132 (9th Cir. 1998)..................................................................... 14

*Thornton v. McClatchy Newspapers, Inc.*,

   261 F.3d 789 (9th Cir. 2001) ........................................................................ 8

*Trinity Carton Co., Inc. v. Falstaff Brewing Corp.*

   767 F.2d 184 (5th Cir. 1985) ........................................................................ 5

*U.S. v. Webb*,

   655 F.2d 977 (9th Cir. 1981) ........................................................................ 7

*United States v. Munsingwear, Inc.*,

   340 U.S. 36 (1950) ....................................................................................... 17

*Wiggins v. Rushen*,

   760 F.2d 10091 (9th Cir. 1985) .................................................................. 16

*Yeldell v. Tutt*,

   913 F.2d 533 (8th Cir. 1990) ...................................................................... 20

**Other Authorities**

6 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, Federal Practice &

   Procedure § 1487 (2d ed. 1990) ................................................................. 14

**Rules**

Fed. R. Civ. P. 15(a)............................................................................................ 7

Fed. R. Civ. P. 16(b)(4) ........................................................................................... 4

Fed. R. Civ. P. 15 ................................................................................................... 7

Fed. R. Civ. P. 16(b) .............................................................................................. 7

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

1

2

3

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AMENDING
SCHEDULING ORDER AND TO AMEND ANSWER TO ASSERT QUALIFIED IMMUNITY
AS AN AFFIRMATIVE DEFENSE**

Plaintiff, Chad Farnan, a minor, by and through his parents, Bill Farnan and Teresa Farnan (hereinafter referred to as "Plaintiffs"), submit the following Opposition to Defendants' Motion For Order Amending Scheduling Order and To Amend Answer to Assert Qualified Immunity As An Affirmative Defense.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants should not be granted leave to amend the Scheduling Order or the Answer in order to raise qualified immunity as an affirmative defense at such an extraordinarily late stage in this litigation, as they have had ample time to plead this defense previously. As to the scheduling order, Defendants did not raise qualified immunity throughout the entirety of this litigation and are only attempting to raise it now in order to avoid this Court's favorable judgment for Plaintiffs. Such actions do not constitute a "diligent" attempt to meet the deadline for filing an amended pleading and therefore good cause does not exist to modify the scheduling order.

Defendants have failed to provide this Court with a legitimate reason for failing to plead qualified immunity as an affirmative defense, and if this Court permits them to take such an action, it will only add to the injustice that Defendants have already caused Plaintiffs. Granting leave to amend Defendants' Answer would not only result in injustice to the Plaintiffs, but it would not even provide the protection to the Defendants that qualified immunity is designed to provide. Defendants have already incurred the cost of litigation, as have Plaintiffs, who did so in good faith. Furthermore, Plaintiffs are seeking only nominal damages, not an exorbitant sum that would warrant qualified immunity.

///

///

///

///

1

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

Defendants' repeated failures to raise qualified immunity during the pretrial proceedings of this case – they did not raise it in their Answer, Motion to Dismiss, Motion for Summary Judgment, or Opposition to Plaintiff's Motion for Summary Judgment – was a strategic choice that Defendants cannot now undo as a response to this Court's finding Dr. Corbett's actions to be a constitutional violation. This Court ruled on the dispositive motions for summary judgment, finding an Establishment Clause violation, and Defendants now seek to raise a defense that has been waived and lost.

## ARGUMENT

The threshold question presented by Defendants' Motion for An Order Amending Scheduling Order and To Amend Answer To Assert Qualified Immunity as an Affirmative Defense ("Motion") is whether it is even possible for Defendants to raise an affirmative defense, qualified immunity, which has not been raised at any point during lengthy litigation. Defendants' failure to acknowledge the existence of this question or to provide this Court with any legal authority stating that the defense has not been lost is telling. Plaintiffs have addressed Defendants' inability to raise qualified immunity at this stage in the litigation in Plaintiffs' Supplemental Briefing Pursuant to order dated June 1, 2009, in Plaintiffs' Briefing filed on June 15, 2009, as well as in Plaintiff's Opposition to Defendant's Motion For A Determination That Dr. Corbett Is Entitled to Qualified Immunity filed concurrently herewith. As a result, Plaintiffs will not restate the entirety of those arguments but will refer this Court to the aforementioned briefing prior to its consideration of whether Defendants can satisfy the standard for amending the scheduling order and the standard for leave to amend the complaint at such a late stage of the litigation.

Additionally, the Defendants' delay in seeking to amend the Scheduling Order and Answer, as well as their failure to argue qualified immunity throughout all the post-summary judgment briefing are significant, both in terms of procedure and because it is relevant in determining whether this Court should grant Defendants the right to amend the scheduling order and leave to amend their answer at this time. Defendants cite *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990), for the proposition that "a mere delay in seeking leave to amend is not a sufficient basis for denying a motion to amend." (Motion 15, lns. 16-18.) Defendants fail to provide a complete picture of this case,

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

however, as the analysis is far broader than Defendants indicate. *Morongo* does not provide a basis for this Court to grant Defendants' Motion for Leave to Amend. In *Morongo*, the court actually denied the plaintiff the right to amend on the basis that "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo*, 893 F.2d at 179. The court further stated that "[t]he delay of nearly two years, while not alone enough to support denial, [was] nevertheless relevant." *Id.* As the *Morongo* court stated, the fact that eighteen-months has passed since this litigation began is relevant to this Court's decision as to whether qualified immunity can be asserted for the first time at this stage of the litigation and to the decision as to whether this Court should deny Defendant's Motion for Leave to Amend. Defendants' delay should be taken into consideration in light of the substantial prejudice it would cause to Plaintiffs.

Should this Court find that qualified immunity has not been waived altogether, however, this Court should refuse to allow Defendants the right to modify the Scheduling Order or amend their Answer to raise qualified immunity as an affirmative defense.

## I. THIS COURT SHOULD DENY DEFENDANTS' MOTION FOR ORDER AMENDING SCHEDULING ORDER BECAUSE DEFENDANTS CANNOT ESTABLISH "GOOD CAUSE" AND SUCH AN ORDER WOULD UNDULY PREJUDICE PLAINTIFFS

Federal Rules of Civil Procedure, Rule, 16(b)(4)provides that "[a] schedule may be modified only for **good cause** and with the judge's consent." The Ninth Circuit explained that "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a time table for amending pleadings, that rule's standards control[] . . . [and] [a] schedule shall not be modified except by leave of . . . [the district court] upon a showing of good cause" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The inquiry of whether good cause exists to modify a scheduling order focuses on the reasonable diligence of the moving party in attempting to meet the order's requirements. *Id.* at 609.

In this case, the Scheduling Order set August 17, 2008, as the deadline for filing amended pleadings and set a deadline of January 28, 2009 for hearing dispositive motions. Subsequently, the law and motion cutoff date was extended to March 30, 2009, by this Court's order dated February 6,

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

1   2009. Now, Defendants have brought this Motion requesting that this Court extend the previously set
2   deadlines so that Defendants can amend their answer a full year after the deadline to amend pleadings
3   in order to add a defense Defendants have long since waived.

4          Nothing about Defendant's conduct or the arguments they have presented to this Court in the
5   vast amounts of recent briefing on the subject, however, shows that Defendants were diligent in
6   attempting to meet the deadline for filing an amended pleading. Defendants had a duty to raise all
7   their defenses during the pretrial conference. As the court in *Johnson* explained, "[e]ach party has an
8   affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party
9   wishes to litigate the case." *Id.* at 609-610. (citing *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.*
10  767 F.2d 184, 193 (5th Cir. 1985)). While the court in *Johnson* only referenced part of the holding in
11  *Trinity*, the Fifth Circuit explained this rule in further detail, stating that "[f]ailure to do so may
12  implicate waiver of the issue at the discretion of the trial court . . ." *Trinity,* 762 F.2d at 193 fn 13. The
13  Fifth Circuit additionally stated that "[a]n attempt to pursue an issue not contained in the pretrial order
14  may be rejected by a trial court, and the court may properly refuse to give an instruction on that issue.
15  Such refusal is within the trial court's discretion. Even though amendment of the pretrial order may be
16  allowed where no surprise or prejudice to the opposing party results, where, as here, the evidence and
17  the issue were known at the time of the original pretrial conference, amendments may generally be
18  properly refused." *Id.* (internal citations omitted).

19         Defendants in this case failed to diligently raise the defense of qualified immunity prior to the
20  pretrial scheduling order, or in their Answer, Motion to Dismiss, or Motion for Summary Judgment.
21  More specifically, Defendants did not once raise the defense of qualified immunity during the pretrial
22  proceedings and chose only to assert it after this Court had ruled on the merits on the case. Defendants
23  were aware of the claims and facts asserted by Plaintiffs both at the time their Answer was filed and at
24  the time of the pretrial conference. This knowledge should have prompted Defendants to raise the
25  defense of qualified immunity. It did not. Defendant's failure to raise the defense prior to the final
26  adjudication of this case and long after the deadlines set by the pretrial scheduling order is mere
27  carelessness, which is "not compatible with a finding of diligence and offers no reason for a grant of
28  relief." *Johnson,* 975 F.2d at 609 (citing *Engleson v. Burlington Northern R.R. Co.,* 108 F.R.D. 138,

4

141 (D.Me. 1985)). Defendants' behavior has been anything but diligent and no reasonable explanation for this lack of diligence has been provided to this Court. Thus, Defendants have failed to make any adequate showing of "good cause" as to why the Scheduling Order, as entered by this Court, should be amended and their Motion should be denied.

The Court may also consider the "degree of prejudice" to Plaintiffs in deciding whether to allow an amendment to the Scheduling Order. *See Johnson,* 975 F.2d at 609. In this case, the amendment of the Scheduling Order to allow Defendants the opportunity to amend their answer so as to add the defense of qualified immunity will substantially prejudice Plaintiffs. As is discussed in detail below, the injustice that would result to Plaintiffs if leave to amend were granted at this time would be significant. Both parties have engaged in significant discovery, filed numerous motions and have adjudicated this case to completion. Allowing the case to be fully litigated for approximately eighteen months, and allowing Plaintiffs to incur substantial costs and attorneys fees in the process, only to grant immunity following a dispositive ruling, would be an injustice to Plaintiffs. *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir. 1999). "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided. *Id.* Therefore, this Court should deny Plaintiffs' Motion for an Order Amending the Scheduling Order.

## II. THIS COURT SHOULD DENY DEFENDANTS MOTION TO AMEND THEIR ANSWER BECAUSE "JUSTICE DOES NOT SO REQUIRE"

While a party seeking to amend a pleading after the date specified in the scheduling order must show that there is "good cause" for amendment under Rule 16(b) this is not the only requirement Defendants must satisfy. If this Court somehow finds that Defendants have satisfy the threshold test under Rule 16(b), the Defendants must still show that the amendment is proper under Rule 15. Pursuant to Rule 15(a) , an affirmative defense may only be added to an answer by consent of the opposing party or leave of the court. Fed. R. Civ. P., Rule 15(a). In deciding whether to grant leave to amend, courts balance a number of factors to determine when "justice so requires" leave to amend. Fed. R. Civ. P., Rule 15; 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487. In the Ninth Circuit, as elsewhere, "[f]ive factors are taken into account to assess

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckly*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F. 3d 815, 818 (9th Cir. 2003)).

The second paragraph of Defendants' argument reveals the flaw in Defendants' analysis – a flaw that is woven throughout their briefing and is intrinsic in the arguments they now assert. Citing to *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) for the proposition that leave to amend should be granted with liberality, Defendants state the following: "[C]ourts should be guided by the policy favoring decision on the merits 'rather than on the pleadings or technicalities.'" (Motion, p. 9, lns. 7-9.). Plaintiffs wholeheartedly agree. Failing to plead qualified immunity does not, however, involve "pleadings or technicalities."

On May 1, 2009, this Court ruled that Dr. Corbett violated the Establishment Clause. Defendants now seek leave to amend the Answer to add an affirmative defense that was never asserted prior to the ruling on the merits. Defendants' briefs rely on case law supporting leave to amend a pleading after an early dismissal due to a procedural technicality in order to obtain a ruling on the merits. There is no procedural technicality here. Defendants' reliance is therefore misplaced. Defendants requested a ruling on the merits in the form of a motion for summary judgment, and opposed the same from Plaintiffs, and now wish to unwind the clock and seek leave to amend. That is neither the purpose nor the intent behind the case law upon which Defendants rely. Defendants' Motion is sought in bad faith.

A.     **Defendants Should Not Be Granted Leave to Amend Their Answer Because the Amendment Is Sought in Bad Faith**

As noted by Defendants, "[i]n determining whether an amendment is sought in bad faith, courts have inquired whether the party seeking amendment has previously engaged in dilatory tactics and have evaluated the value of the proposed amendment." (Motion p. 10, lns. 9-14) (citing *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001).) It is clear that the Defendants' amendment was proposed in bad faith, and has no legitimate value based on the generally understood purpose of the qualified immunity defense. Additionally, the "value" that is asserted by Defendants is itself done in bad faith and is a circumvention of Congress' intent in permitting prevailing Plaintiffs to

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

1    secure attorneys' fees and costs.

2          **1.    Defendants' motion to amend their Answer has no legitimate value**

3          Generally speaking, both Plaintiffs and Defendants agree that the qualified immunity defense

4    "shield[s] [government agents] from liability for civil damages . . . ." *Harlow v. Fitzgerald*, 457 U.S.

5    800, 818 (1982); *see also* Motion, p. 8, lns. 1-6 . Plaintiffs seek only nominal damages and are not

6    seeking further civil damages. Defendants' amendment is completely void of value and is sought in

7    bad faith following this Court's ruling on the merits. The only value to Defendants, as they stated for

8    the first time in their Motion currently before this Court, is that they will not be required to pay the

9    costs of litigation and attorneys fees of Plaintiffs. This value, to the extent it is one at all, is done in

10   bad faith.

11         The benefit and purpose of qualified immunity is to protect government officials from incurring

12   the cost of defense and civil damages. *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1138 (D. Col. 2001).

13   Here, neither purpose will be satisfied as the costs of defense have already been incurred due to

14   Defendants failure to assert qualified immunity at the outset of the litigation. Instead, after failing to

15   properly assert a legally based defense during the entirety of the litigation, Defendants now assert

16   immunity in bad faith. This is nothing more than an illegitimate attempt to find a way around the clear

17   mandates of the Supreme Court requiring attorneys' fees to generally be paid by the Defendant when

18   Plaintiffs are victorious in a section 1983 action.[1]

19         **2.    Defendants' motion was not sought in a timely fashion as the qualified**

20                **immunity defense was both available and obvious from the outset of this**

21                **litigation**

22   ///

23   ///

24

25   _____

26   [1] "[T]he Supreme Court has held that although it is within the district court's discretion to award attorney's fees under section
     1988, in the absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff." *Morscott,*

27   *Inc. v. City of Cleveland*, 936 F.2d 271, 272 (6th Cir. 1991) (quotation marks and citations omitted; emphasis in original). In fact, "a
     prevailing plaintiff should receive fees almost as a matter of course." *Smith v. Heath*, 691 F.2d 220, 228 (6th Cir. 1982) (quoting *Dawson*

28   *v. Pastrick*, 600 F.2d 70, 79 (7th Cir. 1979)); *see also Maloney v. City of Marietta*, 822 F.2d 1023, 1024 (11th Cir. 1987) (fees should be
     granted to a prevailing party "as a matter of course") (citation omitted).

**OPPOSITION TO DEFENDANTS' MOTION FOR ORDER**                           **SACV07-1434 JVS (ANX)**
**AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO**
**ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE**

Regarding their eleventh-hour assertion of the affirmative defense, Defendants contend that this Court's May 1, 2009 ruling on the Party's Motions for Summary Judgment "rendered the qualified immunity defense available to Defendants for the first time in this litigation." (Motion, p. 10, lns. 22-23.) According to Defendants, it was at this time that this Court "determined the first prong of the [qualified immunity] inquiry, i.e. Dr. Corbett violated the Establishment Clause when he made the single statement during one lecture that creationism was 'religious, superstitious nonsense.'" (Motion p. 11, lns. 26-28.) This determination, said Defendants, "triggered . . . the possibility of a qualified immunity defense." (Motion, p. 12, lns. 1-2.) As is true with several of Defendants' arguments made in this Motion and the concurrently filed "Motion for Determination," Defendants fail to provide any legal authority that even remotely provides precedent for such a statement. As Defendants later note, Intervenors understood that qualified immunity was a possible defense upon the filing of their Answer. (Motion p, 14, lns. 12-16.) That fact demonstrates that Plaintiffs' Complaint had clearly raised the possibility of such a defense, which is always, at minimum, a possibility where a lawsuit is filed against a state entity or official in federal court.

Further, Defendants argue that a determination of whether Dr. Corbett violated the Establishment Clause is somehow relevant to this Court's determination to grant leave to amend. It is not, however, one of the prongs a court is required to look into when making the inquiry as to whether Defendants are entitled to qualified immunity. Defendants base their assertion on a faulty interpretation of the standard for determining whether a public official is entitled to qualified immunity. The qualified immunity defense "'requires a two-part inquiry: (1) [w]as the law governing the state official's conduct clearly established [and] (2) [u]nder that law could a reasonable state official have believed his conduct was lawful" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (citing *Browning v. Vernon*, 44 F.3d 818, 822 (9th Cir.1995). The relevant inquiry for the first prong of qualified immunity is (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 129 S. Ct. 808, 811 (2009) (citing *Saucier v. Katz,* 533 U.S. 194, 194 (2001)).

///

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

It is quite obvious from Plaintiffs' First Amended Complaint that the one and only cause of action Plaintiffs asserted was that Dr. Corbett had violated the Establishment Clause while teaching his Fall 2007 Advanced Placement European History class. The facts alleged by Plaintiff clearly established a violation of a constitutional right. Even so, affirmative defenses do not require a determination that a law was violated before they must be asserted. Further, as is fully addressed in Plaintiffs' Opposition to Defendants' concurrently filed "Motion for Determination," this right was clearly established at the time of Defendants' misconduct.

Defendants' entire argument is premised on their irrelevant and incorrect assertion that this Court's ruling that one statement violated the Establishment Clause was a novel ruling by this Court, which thereby rendered an affirmative defense, qualified immunity, applicable for the first time. To support this premise, however, Defendants take a myriad of Plaintiffs' quotes out of context in order to support their assertion that in order for this Court to find an Establishment Clause violation, Dr. Corbett must have made incessant and continual comments displaying his disapproval of Christianity. Although Plaintiffs continue in their contention that this did occur in Dr. Corbett's classroom, this is not the standard that has been established by the Supreme Court or the standard that was set forth by Plaintiffs. Instead, Plaintiffs consistently asserted that an Establishment Clause violation occurs when a government actor conveys a message of disapproval of religion. Moreover, Defendants should have asserted qualified immunity as an affirmative defense in their Motion to Dismiss or, at minimum, in the Answer. As Defendants well know, despite their inclusion of a plethora of quotes found in documents drafted throughout the entirety of the eighteen-month litigation, the Motion to Dismiss was filed following the filing of the First Amended Complaint, and their Answer was filed following the First Amended Complaint and Opposition to Motion to Dismiss. In other words, seven of the eight quotes relied upon by Defendants are not even relevant to Defendants' argument as discovery had not commenced and the cross-motions for summary judgment had not yet been filed. (Motion, pp. 3-5.)

Finally, Defendants' assertion that a court had not yet ruled that a single statement made by a teacher could violate the Establishment Clause is irrelevant to the inquiry of whether a public official is entitled to qualified immunity. The law does not require that this Court's final ruling be clearly established, but that Plaintiffs' allegations, as stated in their complaint, show that Defendants' conduct

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

was in violation of a constitutional right that was clearly established. This is at least partially due to the fact that the law does not even contemplate the assertion of qualified immunity after the Court has made a ruling on the merits. Defendants' statement that "if Farnan's contentions were accepted as true, it did not appear that a viable qualified immunity defense existed" is contrary to Defendants' statement that "case law did exist in 2007 that would seem to support Farnan's claim" and, more importantly, is contrary to the law. (Motion, p. 12, lns. 9-14.)

Based on the aforementioned information, Defendants' assertion that this Court's May 1, 2009 ruling rendered the qualified immunity defense available to Defendants for the first time lacks any and all merit. Defendants did not raise the defense of qualified immunity in their Answer, Motion to Dismiss, Motion for Summary Judgment, or Opposition to Plaintiffs' Motion for Summary Judgment. They have not provided even one justifiable reason for their failure to argue qualified immunity as an affirmative defense during the pretrial proceedings and prior to a ruling on the merits. Defendants' leave to amend the Answer is sought in bad faith, and Defendants' Motion to amend their answer should be denied.

## B. Defendants Should Not Be Granted Leave to Amend Their Answer Because the Amendment Is Futile

Defendants' argue that the amendment of their Answer is not futile and that "an argument could be made that a request for leave to amend made *prior* to the Court's May 1, 2009, ruling most likely would have been considered legally tenuous in light of Farnan's allegations up until that time." (Motion, p. 12, lns. 21-23.) Defendants' statement that "an argument could be made" to this effect is evidence of the absurdity of this contention, as even the Defendants themselves don't actually commit to this argument. Clearly, Defendants could have made a request for leave to amend their answer prior to this Court's May 1, 2009, ruling and, more importantly, should have asserted the qualified immunity defense at one of many opportunities throughout the litigation. Defendants seek leave to amend their Answer after a final ruling has been issued in this case. This in and of itself is evidence of the futility of this Motion.

The privilege of qualified immunity "is 'an immunity *from suit* rather than a mere defense to liability." *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1138 (D. Col. 2001) (emphasis added). After

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

eighteen months of litigation and countless hours of discovery and depositions (on both sides of the lawsuit), this Court has ruled on the dispositive cross-motions and issued a ruling on the merits in Plaintiffs' favor. It is absurd then for Defendants to argue now, at this point in the litigation, that they should be immune "from suit." *Id.* Defendants further argue that "the qualified immunity defense also bars claims for damages such as costs and attorney's fees." (Motion p. 13, lns. 3-4.) If this Court were to grant Dr. Corbett the right to assert qualified immunity as a defense at this late stage of litigation, and Plaintiffs were barred from recovering the substantial amount of costs and attorneys fees, this would substantially prejudice Plaintiffs. Defendants would gain nothing from asserting qualified immunity in the face of nominal damages; conversely, as is argued more fully below, Plaintiffs' would be substantially prejudiced.

Defendants' allowing the case to be fully litigated for approximately eighteen months only to argue qualified immunity following a final ruling on the merits is an injustice to Plaintiffs and would further be futile in light of the type of damages sought by Plaintiffs. Therefore, this Court should not grant Defendants leave to amend their Answer because such an amendment would be futile.

**C.** **Defendants Should Not Be Granted Leave to Amend Their Answer Because The Amendment Will Cause Undue Prejudice**

According to courts and commentators, prejudice is the most important, and the most oft used, reason to deny leave to amend. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); 6 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487 (2d ed. 1990). In considering prejudice, courts generally look to see what hardship the moving party will endure if leave is not granted, the reason the moving party failed to include the material in the original pleading, and the injustice that would result to the party opposing the motion. 6 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487 (2nd ed. 1990).

Here, because Plaintiffs are seeking only nominal damages, the hardship Defendants will endure if leave is not granted is virtually non-existent. Furthermore, this case involves a single cause of action for violation of the Establishment Clause against a School District official and the School District itself. There is therefore no justifiable reason for Defendants' failure to assert the defense at one of multiple opportunities at earlier stages in the litigation. Finally, the injustice that would result

to Plaintiffs if leave to amend is granted at this time is grave. As discussed above, both parties have engaged in significant discovery and filed numerous motions. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Allowing the case to be fully litigated for approximately eighteen months only to grant immunity at the tail end of the case would be an injustice to Plaintiffs. *Id.*; *see also, Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion "on the eve of the discovery deadline" properly denied because it would have required reopening discovery, thus delaying proceedings).

### 1. Granting leave to amend would result in grave injustice to Plaintiffs

The injustice to Plaintiffs can be stated in a myriad of different ways. To begin with, allowing Defendants to amend their answer to include the defense of qualified immunity will deprive the Plaintiffs from recovering their costs and attorneys fees from Defendants, as was explicitly recognized by Defendants. (Motion, p. 13, lns. 3-4.) Defendants cannot ignore their obligation to Plaintiffs to assert all of their defenses at the outset of the case and allow Plaintiffs to incur the costs and expense of litigating the entire case, only to then turn around and use the defense they previously failed raise to avoid monetary obligations to the prevailing Plaintiffs. This would constitute an injustice and would be highly prejudicial to Plaintiffs who would then be required to bear the burden of the costs incurred to litigate a case they have already won. *See Johnson v. Summer*, 488 F.Supp. 83 (N.D.Miss.1980). Asserting qualified immunity in an attempt to avoid costs and attorneys' fees is also a bad faith attempt to use immunity in a manner that was never contemplated by the Courts and seeks to contravene the purpose of allowing the prevailing plaintiff to liberally recover such costs and fees. *Id.* ("This section, providing for attorney fees in civil rights cases, is to be broadly and liberally construed to achieve its intended purpose to compensate counsel who represent prevailing litigants on civil rights claims and to encourage individuals to seek judicial relief, particularly those who might not otherwise attempt to vindicate their rights, and this is particularly true where individual is faced with opposition from state, with entire resources of state government supporting litigation.")

The greatest injustice, however, is the high probability that this Court's Order dated May 1, 2009, would likely be vacated if Defendants' successfully assert qualified immunity following the

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

dispositive ruling and eighteen-months of significant litigation. Prejudice is the most important, and the most oft used, reason to deny leave to amend; *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); and, the injustice and prejudice to Plaintiffs that would result if leave to amend is granted and qualified immunity is found could not be more severe. The nominal damages asserted by Plaintiffs render this case a continuing controversy and Plaintiffs a prevailing party. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002) ("A live claim for nominal damages will prevent dismissal for mootness."); *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985)). If qualified immunity is granted, Plaintiff can no longer seek nominal damages. *Harper ex rel. Harper v. Poway Unified School Dist.*, 318 Fed.Appx. 540, 542 (9th Cir. 2009) (holding that school officials are entitled to qualified immunity from their First Amendment claims for nominal damages.); *Hopkins v. Saunders*, 199 F.3d 968, 978 (8th Cir. 1999) ("Several other circuits have also implicitly recognized the legal nature of nominal damages by finding them to be barred by qualified immunity. *See, e.g., Ruvalcaba v. Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999); *Cummins v. Campbell*, 44 F.3d 847, 849 (10th Cir. 1994); *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141 (2nd Cir. 1994); *Hicks v. Feeney*, 850 F.2d 152, 155 n. 4 (3rd Cir. 1988); *Rheuark v. Shaw*, 628 F.2d 297, 299 (5th Cir. 1980)"). As a result, the case would be rendered moot and this Court's judgment could not be appealed. Where a judgment cannot be appealed because a case has been rendered moot, the district court's opinion may eventually be vacated as a result. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (holding that when a civil case from a federal court has become moot while on its way to, or pending before, the Supreme Court, the "established practice" is to reverse or vacate the judgment and remand with a direction to dismiss) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). The implications for Plaintiffs are staggering. Following eighteen months of depositions, discovery, multiple lengthy motions, and a ruling that Dr. Corbett violated the First Amendment's Establishment Clause, the judgment could be vacated. Saying this result would be an "injustice" hardly serves to explain the magnitude of it. Injustice is commonly defined as an unjust act. Allowing Defendants to assert a defense that was always available and never asserted, and that would result in the unraveling of a ruling vindicating a high school student's constitutional rights, is an unjust act. Moreover, it is not the intended purpose, use, or result of the qualified immunity doctrine.

Applying this affirmative defense in such a manner would result in a grave injustice to Plaintiffs and should not be permitted by this Court.

### 2. Defendants' attempts to assert why prejudice will not result to Plaintiff are ineffective

Defendants initially argue that "[n]o prejudice will result to [Plaintiffs] if the requested amendment is allowed" because "[t]he parties have already engaged in significant discovery and filed numerous motions." (Motion p. 14, lns. 7-10.) Defendants' assertion is nonsensical. Because Plaintiffs have already engaged in significant discovery, filed numerous motions and litigated this case to its completion, Plaintiffs endured a substantial amount of costs and attorneys fees they would not have otherwise incurred had Dr. Corbett raised the defense of qualified immunity at the earliest practicable stage of litigation, as is required by the Federal Rules of Civil Procedure and case law.

Defendants counter this argument in their concurrently filed "Motion for A Determination" arguing that the discovery and dispositive motions would have been filed anyway due to the fact that the District was a named Defendant in the case. (Motion for a Determination, p. 16, lns. 22-27.) Defendants' statement is utterly absurd. Had Dr. Corbett raised the defense of qualified immunity at the outset of this litigation, and obtained a determination that he was entitled to qualified immunity, Plaintiffs would have had to make a very difficult decision as to whether to proceed with this litigation. They certainly would not have done so, however, simply because the District was a named Defendant. This is due to the fact that school districts in California are "state agencies" entitled to assert Eleventh Amendment immunity from suit in federal court. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992). As a result, Plaintiffs could not have sought nominal damages against the District either, rendering the only remedy to assure a continuing live controversy unavailable. The fact that the District was a named Defendant in this case had no impact on Plaintiffs' decision to engage in discovery and to file dispositive motions. Rather, this decision was based on Plaintiffs' ability to get nominal damages and an award of their costs and attorneys fees from Dr. Corbett and/or the District upon prevailing on the merits of their claim because no immunity defenses were ever raised. Now that Plaintiffs' have prevailed, Defendants are attempting to circumvent case law and federal statutes by asserting a defense that would ultimately prejudice Plaintiffs' by denying

14

**OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE**

**SACV07-1434 JVS (ANX)**

1    them the very remedy they have sought all along.

2        Additionally, Defendants assert that there is no prejudice to Plaintiffs by allowing Dr. Corbett

3    to raise the qualified immunity defense because "it is likely that a qualified immunity defense would

4    not have been sustained at the preliminary stages of litigation" based on "this Court's ruling on

5    Defendants' motion to dismiss (finding that sufficient facts had been alleged to show a potential

6    violation of the Establishment Clause), as well as the Court's ruling on Farnan's motion for summary

7    judgment (finding that a single, incidental statement constituted a violation of the Establishment

8    Clause.)" (Motion for a Determination, p. 16, lns. 27-28 – p. 17, lns. 1-5.)  The Defendants'

9    contention that the Court would not have sustained Dr. Corbett's right to assert qualified immunity

10   does not provide a justifiable excuse for the Defendants failure to assert the defense or make the

11   Defendants' assertion of this defense at such a late state of litigation any less prejudicial to Plaintiffs'.

12       Defendants also persist in their contentions that the amendment of their answer will not cause

13   undue prejudice to Plaintiffs by asserting that the Union Intervenors had already asserted this

14   affirmative defense on Dr. Corbett's behalf.  (Motion p.  14, lns. 16-19.)  Defendants specifically

15   claim that Plaintiffs' have "been on notice for over one year that the qualified immunity defense would

16   be asserted by the Union Intervenors on Dr. Corbetts' behalf and had ample opportunity to conduct

17   discovery regarding that defense if [they] so desired." (Motion p. 14, lns. 16-19.)  This statement is

18   disingenuous at best.  To begin with, the Union Intervenors cannot assert an affirmative defense on

19   behalf of another party, Defendant Dr. Corbett. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)

20   ("Qualified or 'good faith' immunity is an affirmative defense that *must be pleaded by a defendant*

21   *official*.") (emphasis added) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)).  Additionally, Dr. Corbett

22   is not entitled to a "determination of qualified immunity" simply because the Union Intervenors

23   pleaded it in their Answer.  This ignores the fact that it was not pleaded by Defendant, Dr. Corbett,

24   himself.

25       Most importantly, however, affirmative defenses that are pleaded in the answer and never

26   argued are lost. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most

27   defenses . . . may be waived as the result of course of conduct during litigation. [I]f a defendant were

28   to engage in 'sandbagging' by raising the issue . . . on a motion to dismiss, deliberately refraining from

---

15

pursuing it any farther when his motion is denied in the hopes of receiving a favorable disposition on the merits, and then raising the issue again . . . only if he were unhappy with the district court's ultimate decision, then we would not hesitate to find that the defendant had waived [the defense]."); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1073 (C.D. Cal. 2003) ("Defendants were given an opportunity to litigate the personal jurisdiction issues before the Court addressed the merits of the pending motion. Defendants simply refused to do so."): *see also Yeldell v. Tutt*, 913 F.2d 533, 538-39 (8th Cir. 1990) (holding that defendants did not successfully "preserve[] their right" to raise an affirmative defense by raising it in their answer but failing to reassert it at any point thereafter and, specifically, that "[a]sserting a jurisdictional defect in the answer did not 'preserve the defense in perpetuity'" (citation omitted)). If Dr. Corbett is entitled to a "determination of qualified immunity" simply because it was pleaded in Union Intervenors' Answer, then it follows that he would also be entitled as a matter of course to numerous defenses that were pled in the same Answer but never argued throughout the litigation. Such defenses include estoppel and exhaustion of administrative remedies. Defendants' argument would indicate that they could seek leave to amend the Answer to add estoppel and be entitled to a determination following a ruling on the merits.

It is somewhat unclear whether Defendants continue to argue that Union Intervenors' inclusion of qualified immunity in their Answer placed Plaintiffs on notice that Defendants could also assert the defense and, therefore, Plaintiffs would not be prejudiced if Defendants now amend their Answer to include this defense. (Motion p.14, lns. 16-19.) Should that be the case, however, the argument lacks support. While it is true that Plaintiffs have known that Defendants could have asserted the defense of qualified immunity in their Answer, Motion to Dismiss, Opposition to Plaintiffs' Motion for Summary Judgment, Defendants' Motion for Summary Judgment, or at any time during the pretrial proceedings, Plaintiffs were not and could not have been aware that Defendants would attempt to raise the affirmative defense after the close of discovery and after the dispositive motions have been filed, briefed, and ruled upon. Allowing the case to be fully litigated for approximately eighteen months only to grant immunity at the tail end of the case would be an injustice to Plaintiffs for which "notice" in the form of another party's assertion of the defense would not be not sufficient justification. More significantly, Defendants cite no legal authority to support their proposition that

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)

providing notice in an Answer in any way even lessens the prejudice incurred by Plaintiffs as a result of Defendants' actions. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.").

Defendants should not be granted leave to amend their answer because the amendment sought is unduly prejudicial to Plaintiffs and Defendants' arguments otherwise are inapplicable and ineffective.

### D. <u>Defendants Should Not Be Granted Leave to Amend Their Answer Because the Amendment Will Cause Undue Delay</u>

Defendants' arguments regarding the undue delay caused by a possible amendment to their Answer this late in the litigation do not fully address the appropriate concerns based on the applicable legal authority. The simple fact that this Court allowed Defendants to brief this issue at the same time other more relevant issues were being addressed by this Court does not establish that no undue delay will occur. Undue delay concerns not only the delay in proceeding forward with the case, but "whether appellants unduly delayed in filing their motion." *See Jackson v. Bank of Haw.*, 902 F. 2d 1385 (9th Cir. 1990). Furthermore, "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" is relevant to the inquiry of whether a party has unduly delayed in filing their motion. *Id.* (citing *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), cert. denied, 488 U.S. 889, 109 S.Ct. 222, 102 L.Ed.2d 212 (1988); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), vacated on other grounds, 459 U.S. 810 (1982).

In the matter presently before this Court, Defendants have unduly delayed raising the issues of the proposed additional affirmative defense. From the start of this case Defendants knew, or should have known, all of the facts and theories raised by this new claim of qualified immunity. Defendants had ample opportunity to raise this issue and yet chose to remain silent. Qualified immunity could have been asserted in the Answer, in Defendants' Motion to Dismiss, in his Opposition to Plaintiffs' Motion for Summary Judgment, and in Defendants' Motion for Summary Judgment. At each of these points in time, Defendants knew all of the same facts that they know now, and their failure to raise qualified immunity until this point thus constitutes undue delay and forecloses leave to amend.

1    Finally, Defendants argue that should this Court grant Defendants' Motion for Leave to

2    Amend, this would expedite this case. "If Farnan's claim is barred by the defense, the issue can be

3    resolved now and the necessity of a trial or further consideration regarding damages or attorney's fees

4    will be obviated." (Motion, p. 16, lns. 1-3.) To the contrary, this Court granting of the Defendants'

5    motion for leave to amend would no more expedite this matter than would this Court's denial of

6    Defendants motion. Very clearly, no trial will be necessary if this Court denied Defendants' Motion to

7    amend their Answer. Furthermore, it is absurd to argue that the Motion should be granted so that

8    Defendants can expedite the case by denying Plaintiff costs and attorneys' fees in direct circumvention

9    of Supreme Court case law. The only impact the outcome of Defendants Motions will have on this

10   case is whether Plaintiffs will be entitled to file a memorandum outlining their costs and attorneys'

11   fees and whether defendant will be required to pay those costs and attorneys' fees. This Court should

12   deny Defendants' Motion for leave to amend their Answer because of Defendants long and unfounded

13   delay in filing their motion.

## CONCLUSION

15   For the foregoing reasons, this Court should deny Defendants' Motion to Amend the

16   Scheduling Order and Motion for Leave to Amend the Answer because the request is sought in bad

17   faith, is futile and prejudicial to Plaintiffs, and is untimely. Furthermore, if Defendants are granted

18   leave to amend their Answer, this would cause undue prejudice and harm to Plaintiffs.

20   DATED: August 17, 2009                      ADVOCATES FOR FAITH & FREEDOM

23   By:_____s/Jennifer L. Monk_____
                 Jennifer L. Monk
24               Email: jmonk@faith-freedom.com
25               Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562.

On August 17, 2009, I caused to be served the foregoing documents described below on the following interested parties in this action:

**OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE**

☒ Via **ELECTRONIC CASE FILING,** by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **Michael D Hersh**
  mhersh@cta.org
- **Roberta A Kraus**
  bkraus@wss-law.com
- **Daniel K Spradlin**
  dspradlin@wss-law.com

Executed on August 17, 2009, at Murrieta, California.

☒ (Federal) I declare that I am a member of the Bar of this Court at whose direction the service was made.

s/ Jennifer L. Monk
Email: jmonk@faith-freedom.com

OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AMENDING SCHEDULING ORDER AND TO AMEND ANSWER TO
ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE

SACV07-1434 JVS (ANX)