ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler, CA Bar No. 179572
Jennifer L. Monk, CA Bar No. 245512
24910 Las Brisas Road, Suite 110
Murrieta, CA 92562
Telephone: (951) 304-7583
Facsimile: (951) 600-4996
rtyler@faith-freedom.com
jmonk@faith-freedom.com

Attorneys for Plaintiffs
CHAD FARNAN, BILL FARNAN and TERESA FARNAN

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN;<br><br>Plaintiffs,<br><br>vs.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT, individually and in his official capacity as an employee of Capistrano Unified School District; and **DOES 1 through 20** inclusive,<br><br>Defendants. | Case No.: SACV07-1434 JVS (ANX)<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY**<br><br>Date: August 31, 2009<br>Time: 1:30 p.m.<br>Dept: 10C<br>Judge: James V. Selna |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

INTRODUCTION .................................................................................................... 1

    I.    Dr. Corbett Waived Qualified Immunity As an Affirmative Defense by Failing to Raise It at Any of the Proper Stages in the Litigation, and This Court Should Not Consider It As an Affirmative Defense Post-Judgment ........................................................ 2

    II.   Plaintiffs' Contentions Regarding the Amount of Constitutional Violations and an Overarching Theme of Disapproval Should Not Be Allowed to Confuse the Asserted Right That Has Always Been at Issue ........................................................................ 6

    III.  Dr. Corbett Is Not Entitled to Qualified Immunity Because the Right to Government Neutrality with Regard to Religion Was Clearly Established at the Time the Right Was Violated ...................... 7

    IV.  Dr. Corbett Is Not Entitled to Qualified Immunity Because the Right He Violated Has Been at Issue from Day One and Defendants Missed Every Practicable Opportunity to Assert the Defense ................................................................................................ 10

CONCLUSION ...................................................................................................... 12

i

OPPOSITION TO DEFENDANTS' "POST-SUMMARY JUDGMENT MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY"    SACV07-1434 JVS (ANX)

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Creighton*,
  483 U.S. 635 (1987) ............................................................................................ 11

*Camarillo v. McCarthy*,
  998 F.2d 638 (9th Cir. 1993) ................................................................................. 5

*Castaldo v. Stone*,
  192 F. Supp. 2d 1124 (D. Col. 2001) .................................................................... 7

*Church of the Lukumi Babalu Aye, Inc. v. Hialeah*,
  508 U.S. 520 (1993) .............................................................................................. 9

*Elk Grove Unified Sch. Dist. v. Newdow*,
  542 U.S. 1 (2004) .................................................................................................. 9

*Epperson v. Arkansas*,
  393 U.S. 97 (1968) ................................................................................................ 9

*Evans v. Fogarty*,
  2007 WL 2380990, at * 6 n.9 (10th Cir. 2007) .................................................... 4

*Gomez v. Toledo*,
  446 U.S. 635 (1980) .............................................................................................. 5

*Graves v. City of Coeur D'Alene*,
  339 F.3d 828 (9th Cir. 2003) ................................................................................. 5

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) .............................................................................................. 6

*In re Adbox, Inc.*,
  488 F.3d 836 (9th Cir. 2007) ................................................................................. 6

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) .............................................................................................. 6

ii

OPPOSITION TO DEFENDANTS' "POST-SUMMARY JUDGMENT MOTION FOR A
DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY

SACV07-1434 JVS (ANX)

*Monterey Mech. Co. v. Wilson*,

    125 F.3d 702 (9th Cir. 1997) ............................................................................. 10

*Morrison v. Mahoney*,

    399 F.3d 1042 (9th Cir. 2005) ............................................................................. 6

*Pearson v. Callahan*,

    129 S. Ct. 808 (2009) .......................................................................................... 12

*Ringuette v. City of Fall River*,

    146 F.3d 1 (1st Cir. 1998) ................................................................................... 6

*Saucier v. Katz*,

    533 U.S. 194 (2001) ................................................................................ 7, 11, 13

*Sch. Dist. of Abington Twp., Pa. v. Schempp*,

    374 U.S. 203 (1963) ............................................................................................ 10

*Sch. Distr. of Abington Twp., Pa. v. Schempp*,

    374 U.S. 203 (1963) ............................................................................................ 9

*Sonoda v. Cabera*,

    255 F.3d 1035 (9th Cir. 2001) ............................................................................. 5

*Van Orden v. Perry*,

    125 S. Ct. 2854 (2005) ........................................................................................ 9

*Vernon v. City of Los Angeles*,

    27 F.3d 1385 (9th Cir. 1994) ............................................................................... 9

**Rules**

5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

    Federal Practice & Procedure § 1278 (2d ed. 1990) ........................................... 6

Fed. R. Civ. P. 8(c) .................................................................................................. 5, 6

iii

OPPOSITION TO DEFENDANTS' "POST-SUMMARY JUDGMENT MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY

SACV07-1434 JVS (ANX)

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY

Plaintiff, Chad Farnan, a minor, by and through his parents, Bill Farnan and Teresa Farnan (hereinafter referred to as "Plaintiffs"), submit the following Opposition to Defendants' Motion for a Determination that Dr. Corbett is Entitled to Qualified Immunity:

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

"Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passion, they cannot alter the state of facts and evidence." John Adams, "Argument in Defense of the Soldiers in the Boston Massacre Trials," December 1770. While Defendants may wish that they had raised qualified immunity at an earlier stage in the present litigation, while Defendants may be inclined to blindly assume it is still proper to raise the affirmative defense now, and while Defendants may passionately believe that Dr. Corbett is entitled to qualified immunity – the facts stubbornly show it simply is not so.

Despite repeated failures to raise the affirmative defense of qualified immunity at any of the appropriate stages of litigation, Defendants' Motion for a Determination that Dr. Corbett is Entitled to Qualified Immunity ("Motion") now proclaims that it must be determined by this Court that the defense applies. Not only do Defendants fail to provide any authority for the proposition that the affirmative defense may be properly considered at this point, but they also fail to even provide any argumentation as to why it is proper. When confronted with the fact that qualified immunity is not available to Dr. Corbett now because they failed to raise it, Defendants attempt to close their eyes and wish it away, and instead seek to argue over whether or not Dr. Corbett is entitled to immunity. The defense of qualified immunity has been lost by Defendants' repeated failure to raise it as an affirmative defense during the earlier stages of litigation.

Additionally, Defendants claim that, "[b]ased on [the] ruling, it is apparent that Dr Corbett *now* is entitled to a qualified immunity defense,"[1] as if the ruling changed something about the entire nature of the case, or qualified immunity is somehow tied to what was found to be the constitutional violation. The ruling in this matter is only relevant to qualified immunity as an indication that it is now too late to raise the defense, not as an indication that the defense can now be raised. Further, the affirmative defense of qualified immunity is tied to the allegations in the action, not the judgment. The indication that this defense could have been raised was found in Plaintiffs' Complaint, Plaintiffs' First Amended Complaint, Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs' Response to Defendants' Special Interrogatories, and Plaintiffs' Motion for Summary Judgment – at any and every stage prior to the dispositive ruling. Plaintiffs have always argued facts showing the alleged violation of the right of a public school student to experience neutrality towards religion from his teacher in the classroom. The right Plaintiffs have been alleging has been clearly and consistently outlined throughout the case and is thoroughly and soundly established by law that predates the violation. Moreover, it is the very same right the Court based its ruling on. Nothing can save Defendants' failure to raise qualified immunity earlier, and, further, the facts show Dr. Corbett is not entitled to qualified immunity even if it had been properly raised.

## I. Dr. Corbett Waived Qualified Immunity As an Affirmative Defense by Failing to Raise It at Any of the Proper Stages in the Litigation, and This Court Should Not Consider It As an Affirmative Defense Post-Judgment

Despite Defendants' apparent exhaustive reading of Plaintiffs' prior briefing in this matter, they have chosen to overlook their own briefing, which is most problematic to their present request. Defendants' Motion attempts to avoid even acknowledging the paramount hurdle they must jump in order to succeed in obtaining qualified immunity

---

[1] *See* Defendants' Motion for a Determination that Dr. Corbett is Entitled to Qualified Immunity, 1:21-22 (emphasis added).

| OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY | SACV07-1434 JVS (ANX) |
|---|---|

for Dr. Corbett. The hurdle was created by Defendants' failure to raise qualified immunity at any of the proper opportunities during litigation. Defendants urge this Court to determine the applicability of qualified immunity to Dr. Corbett while completing ignoring the hurdle that stands before them. Defendants have now had numerous opportunities to provide this Court with either case law or analysis showing that their failure to raise qualified immunity does not constitute waiver of the defense and has repeatedly failed in this endeavor. Unfortunately for Defendants the hurdle raised by the failure to claim qualified immunity at any of the appropriate times stands insurmountably in their path.

The benefits of qualified immunity have already been lost at this late stage in the litigation, and Defendants' continued attempts to assert it are improper and unfair to Plaintiffs, and additionally appear to be in bad faith. Asserting qualified immunity now will not shield Dr. Corbett from the expense of litigation, the discovery process, or trial. Further, Plaintiffs are not seeking more than nominal damages in this matter – thus, Defendants' attempt amounts to nothing more than an improper Hail Mary, as evidenced by the unique Motion now before this Court.

Defendants refuse even to acknowledge that they must address the fact that they are fundamentally too late in raising the issue of qualified immunity to have it be considered. As the Tenth Circuit has held, "[a]lthough the defense of qualified immunity provides public officials important protection from baseless and harassing lawsuits, it is not a parachute to be deployed only when the plane has run out of fuel. Defendants must diligently raise the defense during pretrial proceedings and ensure it is included in the pretrial order." *Evans v. Fogarty*, 2007 WL 2380990, at * 6 n.9 (10th Cir. 2007).

Not only has Dr. Corbett failed to diligently raise the defense in the Answer, he did not even mention it once until after Plaintiffs had been granted summary judgment. Despite the numerous opportunities to raise the affirmative defense of qualified immunity in Defendants' Motion to Dismiss, Defendants' Motion for Summary

Judgment or, at the very minimum, in Opposition to Plaintiffs' Motion for Summary Judgment, Dr. Corbett is now arguing for the first time that he is entitled to the defense, a last-ditch effort to avoid a favorable ruling for Plaintiffs. It is too late, however. Defendants' failure to raise qualified immunity prior to this Court's ruling on the dispositive motions renders it lost. In good faith, Plaintiffs proceeded with this litigation at great cost and expense, and Dr. Corbett should not be permitted to use an affirmative defense as a rescue parachute.

Defendants asserted in their Motion that this Court should determine the applicability of the qualified immunity defense to Dr. Corbett, once again without any precedent or support for such a conclusion. Defendants cite no cases in support of a right to raise qualified immunity for the first time after a final ruling on dispositive cross motions for summary judgment. While Defendants properly note that, according to the case law, "[q]ualified immunity may be raised by a motion to dismiss, motion for summary judgment and, of course, at trial," they fail to acknowledge the implications of their own words. (Motion, p. 14, lns. 23-25.) Noticeably absent, is authority indicating that qualified immunity may be raised for the first time at the current stage of this litigation. This is because the case law does not even contemplate the assertion and application of qualified immunity following a ruling on the merits.

Defendants also argue that "[c]ourts [] may raise the issue of qualified immunity sua sponte and even for the first time on appeal." (Motion, p. 15, lns. 1-3.) While Defendants cite to two cases to support their contention, they fail to acknowledge the simple distinction that renders these cases inapplicable here. Unlike Defendants in the present case, the defendants in both *Graves v. City of Coeur D'Alene,* 339 F.3d 828, 845 fn. 23 (9th Cir. 2003) and *Sonoda v. Cabera,* 255 F.3d 1035 (9th Cir. 2001), asserted the defense of qualified immunity in their answers. *Graves,* at 846 ("The defendants asserted the qualified immunity defense in their answer to the complaint."); *Sonoda,* at 1037 fn 2 ("Although the district court sua sponte granted summary judgment in favor of the defendants based upon qualified immunity, the affirmative

defense was asserted by the defendants in their answer."). Additionally, neither of these cases, nor any other case cited by Defendants, gives a court the authority to raise the issue of qualified immunity sua sponte where a defendant failed to raise qualified immunity prior to the court issuing a final ruling on the merits of the case. The Ninth Circuit follows the Supreme Court in holding that qualified immunity should be plead as an affirmative defense in an official pleading. *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). The court in *Camarillo* relied on *Gomez v. Toledo*, 446 U.S. 635 (1980) (noting that, in a § 1983 action, qualified immunity is an affirmative defense that must be pled) and Federal Rules of Civil Procedure, Rule 8(c) for its characterization of qualified immunity as an affirmative defense that should be pled by the defendant. *See also Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).

As a general rule, affirmative defenses must be pled as required by Rule 8(c), or the result is a waiver of the defense by the defendant and the exclusion of that defense from the case. *In re Adbox, Inc.*, 488 F.3d 836 (9th Cir. 2007) (citing *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005)). Courts have held that this principle, extrapolated from Rule 8(c), applies to the qualified immunity affirmative defense. *See Ringuette v. City of Fall River*, 146 F.3d 1, 4 (1st Cir. 1998) ("Qualified immunity is an affirmative defense, Fed. R. Civ. P. 8(c), and an affirmative [defense] is generally lost unless it is raised in the pleadings.").

While waiver of unpled affirmative defenses is the general rule, it is not always applied, and there are practical exceptions based on the circumstances of the cases. 5 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1278 (2d ed. 1990). Although exceptions exist permitting qualified immunity to be raised at later stages in the litigation, an important chord has been sounded by the Supreme Court and lower courts – if qualified immunity is not raised before a case goes to trial (or reaches the next "stage"), it is effectively lost as an affirmative defense. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that qualified immunity provides "an immunity from suit rather than a mere defense to

liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), <u>disapproved on other grounds</u> (same); *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1138 (D. Col. 2001) (holding that "[t]he privilege is 'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' [citation] As a result, the Supreme Court has stressed 'the importance of resolving immunity questions at the earliest possible stage in litigation.'" [citation]).

Defendants did not plead the qualified immunity affirmative defense, yet now they ask this Court to consider the question at an extraordinarily late stage in the litigation. Defendants filed a motion to dismiss, a motion for summary judgment, and an opposition to Plaintiffs' motion for summary judgment and still never raised qualified immunity. This Court ruled on the dispositive motions, finding an Establishment Clause violation, and Defendants now desperately seek to raise a defense that was waived and lost.

## II. <u>Plaintiffs' Contentions Regarding the Amount of Constitutional Violations and an Overarching Theme of Disapproval Should Not Be Allowed to Confuse the Asserted Right That Has Always Been at Issue</u>

The right at issue in this case has always been the right to be free from a governmental actor disapproving of religion, specifically, a teacher in a public high school classroom. Plaintiffs have consistently asserted that Dr. Corbett violated the Establishment Clause by showing disapproval of religion when speaking to his students. Plaintiffs have never argued it was the fact Dr. Corbett's statements were continual and incessant that made them unconstitutional. Instead, Plaintiffs have always asserted it was the fact Dr. Corbett was not neutral with regard to religion that made his actions unconstitutional. Plaintiffs have pointed to many individual statements they felt were unconstitutional, as well as to an overarching theme of Dr. Corbett's "teaching" they felt was unconstitutional.

6
OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION
THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY                              SACV07-1434 JVS (ANX)

In their Motion, Defendants seem intent on trying to use Plaintiffs' contentions regarding the continual and overarching nature of the violation to confuse the issue. To the contrary, Plaintiffs have consistently alleged that Dr. Corbett violated Chad's right to be free from a teacher that was anything but neutral with regard to religion in the public classroom. Just because Plaintiffs have alleged an overarching and consistent violation of that right in addition to individual violations does not change the right asserted, nor does it contravene the fact that the standard for a violation of that right is the disapproval of religion by a government actor. While Defendants try to state otherwise, Plaintiffs have never claimed that for the constitutional right at issue to be violated there must be a given number of statements disapproving of religion or an overarching theme of disapproval.

### III. Dr. Corbett Is Not Entitled to Qualified Immunity Because the Right to Government Neutrality with Regard to Religion Was Clearly Established at the Time the Right Was Violated

Plaintiffs once again must raise their strong objection to even discussing the standards for qualified immunity at this late stage. However, even if this Court finds that Defendants did not waive the defense, Dr. Corbett is not entitled to qualified immunity.

It has been clearly established for many years that the government must remain neutral with regard to religion, and it may not show its disapproval of religion. The Supreme Court has repeatedly affirmed the principle that "[the] First Amendment mandates government neutrality between . . . religion and nonreligion." *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968). Further, the State certainly "may not establish a 'religion of secularism' in the sense of affirmatively opposing or showing hostility to religion." *Sch. Distr. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 225 (1963); *see also Van Orden v. Perry*, 125 S. Ct. 2854, 2856 (2005) (state may "neither abdicate [its] responsibility to maintain a division between church and state nor evince a hostility to religion."). This concept has been articulated as forbidding the disapproval of religion

by the Ninth Circuit, holding, "[t]he government neutrality required under the Establishment Clause is . . . violated as much by government disapproval of religion as it is by government approval of religion." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1396 (9th Cir. 1994) (citing *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 532 (1993)).

It has been equally as clear that there are no exceptions for "small" violations. The Supreme Court has stated, "[t]here are no de minimis violations of the Constitution – no constitutional harms so slight that the courts are obliged to ignore them." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 36 (2004); *see also Sch. Dist. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 225 (1963) (noting, "[t]he breach of neutrality that is today a trickling stream may all too soon become a raging torrent"). So too the Ninth Circuit has held, "There is no such thing as a *de minimis* exception to the Equal Protection Clause." *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 712 (9th Cir. 1997).

These cases made it objectively clear that the government must remain neutral towards religion, and that no "small" violation of that principle can be excused. Every one of them was existing case law at the time Dr. Corbett violated Chad's First Amendment rights. It was objectively apparent to a reasonable person in 2007 that a public high school teacher must remain neutral with regard to religion. To argue otherwise contradicts case law, as well as basic notions of constitutional rights.

Nevertheless, Defendants still insist that Plaintiffs "ha[ve] not and cannot establish that the rights [they] claim were violated were 'clearly established'" because it was not clear that "a teacher could violate the Establishment Clause by making a single statement in one lecture given during a year-long course." (Motion, p. 10, lns. 23-26.) Unfortunately for Defendants, however, this argument holds no weight as this is not the appropriate inquiry in determining whether qualified immunity attaches. Rather, as Defendants state in their Motion, the inquiry as to whether a public employee has a right to qualified immunity is whether *the right the official is alleged to have violated* is

8

OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION
THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY

SACV07-1434 JVS (ANX)

a "clearly established" federal statutory or constitutional right of which a reasonable person would have known. Defendants further note that the Supreme Court held that "[t]he inquiry is not whether a particular right is established in a vacuum but whether it was established on the specific facts of a particular case." (Motion, p. 7, lns. 6-11.)

Defendants' fail to note, however, that the Court in *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987) clarified this point, stating that "[t]his is not to say that an official action is protected by qualified immunity *unless* the very action in question has previously been held unlawful, but is to say that in light of pre-existing law the unlawfulness must be apparent." Plaintiffs repeatedly alleged that Dr. Corbett's actions were unconstitutional because they were not neutral and pre-existing law was clear that neutrality was required. Moreover, they have now been adjudicated by this Court as not having been neutral. The unlawfulness must be apparent based on pre-existing law if the facts asserted are construed in the light most favorable to the Plaintiff. *See Saucier v. Katz*, 533 U.S. 194, 200-201 (2001). Additionally, if Defendants had properly construed the facts asserted in this case from the start, in the light favorable to the Plaintiffs they would have realized that they could have raised qualified immunity during the previous proper stages of litigation without prejudicing Plaintiffs with further inquiry. *Id.* at 200-02.

While Defendants attempt to cloud the issue by citing a panoply of Establishment Clause cases in an attempt to confuse the law, their attempt cannot change the facts. (Motion, pp. 11-14.) The law clearly mandated Dr. Corbett's neutrality towards religion in 2007. Defendants' litany of cases from different contexts, applying various legal standards in different circuits, is misplaced. This is not the proper time or place to re-litigate the Establishment Clause violation that has been found by this Court, and it is improper to attempt such action. While it is clear Defendants disagree with this Court's ruling, that does not allow them to argue qualified immunity now. Further, it does not alter the fact that preexisting law mandated neutrality with no exception for what Defendants erroneously deem to be a small violation.

9

OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION
THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY

SACV07-1434 JVS (ANX)

## IV. Dr. Corbett Is Not Entitled to Qualified Immunity Because the Right He Violated Has Been at Issue from Day One and Defendants Missed Every Practicable Opportunity to Assert the Defense

Defendants' passionate claim of qualified immunity for Dr. Corbett cannot be saved by their wishing the facts were different. As their own citation highlights, Defendants missed the opportunity to raise qualified immunity by motion to dismiss and motion for summary judgment – and at every practicable opportunity in the litigation before the dispositive ruling. (Motion, p. 14, lns. 23-25.)

While Defendants quote *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009), in an apparent attempt to generate sympathy for their own difficulty in deciding whether or not to plead qualified immunity, the case does not provide them any excuse. Instead, *Pearson* specifically deals with the steps courts may take in determining if a qualified immunity claim is valid *when it has already been properly raised by the defense*. In this matter, the defense was never properly raised, and the Court consequently need not examine the defense at all. While Defendants further try to treat the dispositive ruling in this matter as nothing more than a step of the qualified immunity analysis, it simply is not so. (Motion, p. 15, lns. 22-28.) This Court's ruling was not far-reaching or novel in affirming a right to neutrality towards religion in the public school classroom, nor did it discover the unlawfulness of Dr. Corbett's actions. This Court's ruling did, however, acknowledge that there is a line of neutrality that must be walked in the public school classroom according to preexisting law and that Dr. Corbett crossed that line as Plaintiffs had alleged.

A determination that Dr. Corbett did in fact violate Plaintiffs' right to be free of a government that directly expresses disapproval of religion did not put that constitutional right at issue for the first time or establish what the right at issue was, despite Defendants' claims otherwise. Further, whether or not Defendants had the right to claim qualified immunity is tied to the facts alleged, as construed in a light favorable to the Plaintiffs, not the violation found by this Court. *See Saucier v. Katz*, 533 U.S. 194,

200-01 (2001). As was outlined above, Plaintiffs have alleged facts showing alleged violations of constitutionally mandated neutrality towards religion from the filing of the Complaint.

Moreover, Defendants have acknowledged that at the time Dr. Corbett made the statements at issue, it was clearly established that an overarching theme of disapproval violated the Establishment Clause. At the same time, Defendants have protested that Plaintiffs have claimed that the violation at issue was the overarching theme. (Motion, p. 16, lns. 4-6.) Defendants cannot have it both ways. Since the right to claim qualified immunity is tied to the allegations of the case, even if Defendants truly misunderstood the allegations, it still should have been clear to them they could have pled qualified immunity at the proper stages. Their delay is without excuse, and there is no precedent for excusing it.

It has been clear from the start of this litigation what the violated right is, and Defendants failed to plead qualified immunity. It was doubtlessly true then, as it is now, that a student has the right not to have his religious beliefs attacked and ridiculed by his teacher in the public school classroom. As this Court pointed out in its Order of May 1, 2009, the basic right at issue in this matter is the right "to be free of a government that directly expresses disapproval of religion." (Final Order Re Motions for Summary Judgment or Summary Adjudication, p. 36, lns. 12-13.) This has been the right Plaintiffs have been raising since the initial Complaint in which Plaintiffs stated, "[Dr. Corbett's] conduct is a violation of the Establishment Clause through [the] exhibition of hostility towards religion and endorsement of irreligion in a public high school classroom." (Complaint for Declaratory and Injunctive Relief and Damages, p. 2, lns. 6-9.) The allegations in this action clearly indicated what the alleged violation was, and preexisting law showed that it was constitutionally impermissible.

The right claimed in this action has never changed, and no attempted confusion on the part of the Defendants entitles them to assert qualified immunity at this late stage. The right alleged by Plaintiffs has always been clear, it was clearly established

under law at the time Dr. Corbett violated it, and Dr. Corbett is not entitled to qualified immunity.

## CONCLUSION

Defendants' Motion amounts to a statement, "We failed to raise it, but as soon as we lost, we decided we should have pled qualified immunity." There is no allowance for such a position under law. While Defendants try to contort Plaintiffs' claims, the legal authority, and this Court's ruling in a desperate attempt to unwind the clock, such an attempt is impermissible. Defendants missed every practicable opportunity to raise the affirmative defense. Further, even if it was found that Defendants were not barred by the failure to properly raise qualified immunity, Dr. Corbett's disregard for the requirement that he be neutral towards religion in the classroom was a violation of reasonably apparent law existing prior to his actions. The qualified immunity defense is not ripe for this Court's determination, and Dr. Corbett is not entitled to such protection.

DATED: August 17, 2009          ADVOCATES FOR FAITH & FREEDOM

By:_____s/Jennifer L. Monk_____
Jennifer L. Monk
Email: jmonk@faith-freedom.com
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562.

On August 17, 2009, I caused to be served the foregoing documents described below on the following interested parties in this action:

**OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY**

☒ Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **Michael D Hersh**
  mhersh@cta.org
- **Roberta A Kraus**
  bkraus@wss-law.com
- **Daniel K Spradlin**
  dspradlin@wss-law.com

Executed on August 17, 2009, at Murrieta, California.

☒ (Federal) I declare that I am a member of the Bar of this Court at whose direction the service was made.

s/ Jennifer L. Monk
Email: jmonk@faith-freedom.com
