WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
ROBERTA A. KRAUS - State Bar No. 117658
bkraus@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

Attorneys for Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT and DR. JAMES CORBETT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD FARNAN, etc.,<br><br>Plaintiff,<br><br>v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | CASE NO.: SACV07-1434 JVS (ANx)<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF RE EFFECT OF UNION INTERVENORS' PLEADING OF QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE ON DEFENDANTS' MOTION SEEKING A DETERMINATION REGARDING QUALIFIED IMMUNITY** |
| CALIFORNIA TEACHERS ASSOCIATION/NEA; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION,<br><br>Union Intervenors/Defendants. | HEARINGS PENDING:<br>TYPE: Motions<br>DATE: August 31, 2009<br>TIME: 1:30 P.M.<br>COURTROOM: 10C/Judge Selna |

1. <u>Dr. Corbett is entitled to have the Qualified Immunity Defense Determined by the Court because the Defense was Properly Raised in the Intervenors' Answer</u>: On April 28, 2008, this Court granted the Intervenors' motion to intervene without limitations and ordered the Intervenors to file an answer to the first amended complaint. (4/28/08 minute order) In their April 28, 2008 answer, the Intervenors' sixth affirmative defense states: "... *the statements of Dr. Corbett* alleged in the FAC *were performed within the scope of his official duties and were subject to a qualified immunity.* (Emphasis added) Thus, the Intervenors' qualified immunity defense was asserted to benefit Dr. Corbett. Intervenors have joined in Defendants' pending

1

648707.1

motions seeking to determine qualified immunity for Corbett. Because the Intervenors asserted the qualified immunity defense on his behalf, Dr. Corbett is entitled to have this Court determine the defense at this time.

In <u>Stewart-Warner Corp. v. Westinghouse Electric Corp.</u>, 325 F.2d 822 (2nd Cir. 1963), Canadian Westinghouse intervened as a defendant in Stewart-Warner's patent infringement action against Canadian's parent corporation. (<u>Id.</u> at 824) Canadian's answer was substantially the same as the defendant's but also added assertions of further acts of unfair competition, including counterclaims for declaratory judgment, injunctive relief and damages for unfair competition. (<u>Ibid.</u>) The district court struck the counterclaims and corresponding affirmative defenses presumably because they "improperly attempt[ed] to enlarge the issues of the main action;" however, the appellate court reversed. (<u>Id.</u> at 826) In reversing, the appellate court stated: "Where there exists a sufficiently close relationship between the claims and defenses of the intervenor and those of the original defendant to permit adjudication of all claims in one forum and in one suit without unnecessary delay – and to avoid as well the delay and waste of judicial resources attendant upon requiring separate trials – the district court is without discretion to deny the intervenor the opportunity to advance such claims." (<u>Id.</u> at 827) The court also found important the fact that the defendant and the intervenor's interests closely paralleled one another.

In <u>Stewart-Warner</u>, the issue decided was whether the intervenor could broaden the scope of the litigation by asserting additional claims and defenses. The court permitted it to do so because the additional claims and defenses were essential to resolving the original action; thus, permitting them to be heard and decided would not necessarily be broadening the scope of the case.

In <u>Genentech, Inc. v. Bowen</u>, 676 F.Supp. 301 (D. D.C. 1987), the court rejected the argument that the intervenors there could not raise claims not raised by Genentech, noting that "[i]ndeed, providing an opportunity to litigate claims not adequately raised by the parties is one of the purposes of intervention," and agreeing

2

648707.1

with the Stewart-Warner court that the "'whole tenor and framework of the Rules of Civil Procedure preclude application of a standard which strictly limits the intervenor to those defenses and counterclaims which the original defendant could himself have interposed.'" (Genentech, Inc. v. Bowen, supra, 676 F.Supp. at 308, fn. 20)

Intervenors have asked this Court to determine the qualified immunity defense in Dr. Corbett's favor. Dr. Corbett is entitled to have this Court determine the issue of qualified immunity because the defense was raised on his behalf by Intervenors.

2. <u>Alternatively, Dr. Corbett should be allowed to amend his Answer to Raise the Defense for Himself</u>: There is no waiver or prejudice to Farnan because the qualified immunity defense was asserted by Intervenors. In Charpentier v. Godsil, 937 F.2d 859 (3rd Cir. 1991), the plaintiff sued multiple defendants, including Dr. Lewis. During the litigation some defendants, but not Dr. Lewis, asserted in their answers the doctrine of immunity. Before trial, the plaintiff settled most of his claims or won them via summary judgment, leaving Dr. Lewis as the only remaining defendant. After judgment was entered against him Dr. Lewis sought to raise immunity for the first time; however, the district court denied his request. The plaintiff argued there had been a waiver under Federal Rules of Civil Procedure, Rule 8(c). On appeal the appellate court reversed pointing out that (1) amendments are to be liberally granted; (2) answers of other defendants raised the defense; and (3) the trial brief of another defendant alerted the other parties to it. (Id. at 864) Thus, the defense should have been allowed.

Because Intervenors' answer raised the qualified immunity defense it has not been waived and Farnan will not be prejudiced by permitting Defendants' also to raise the defense. Liberality allows Defendants to amend the answer to raise the issue.

DATED: August 20, 2009

WOODRUFF, SPRADLIN & SMART, APC

By: _____
DANIEL K. SPRADLIN
ROBERTA A. KRAUS
Attorneys for Defendants, CAPISTRANO UNIFIED SCHOOL DISTRICT and DR. JAMES CORBETT

648707.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On August 20, 2009, I served the foregoing document(s) described as **DEFENDANTS' SUPPLEMENTAL BRIEF RE EFFECT OF UNION INTERVENORS' PLEADING OF QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE ON DEFENDANTS' MOTION SEEKING A DETERMINATION REGARDING QUALIFIED IMMUNITY**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☒ by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list:

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 20, 2009 at Costa Mesa, California.

*Bobbie Marsh*
Bobbie Marsh

4

648707.1

# CHAD FARNAN et al. v. CAPISTRANO UNIFIED SCHOOL DISTRICT
## USDC CASE NO. SACV07-1434-JVS (ANx))
## ASSIGNED TO: HON. JAMES V. SELNA
## ATTACHED SERVICE LIST

| | |
|---|---|
| ADVOCATES FOR FAITH AND FREEDOM<br>Jennifer L. Monk, Esq.<br>24910 Las Brisas Road, Suite 110<br>Murrieta, CA 92562<br>Telephone: (951) 304-7583<br>Facsimile: (951) 600-4996 | Attorneys for Plaintiff<br>**CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN** |
| Michael D. Hersh, Esq.<br>CALIFORNIA TEACHERS ASSOCIATION –<br>LEGAL DEPARTMENT<br>11745 East Telegraph Rd.<br>Santa Fe Springs, CA 90670<br>Telephone: (562) 478-1410<br>Facsimile: (562) 478-1434 | Attorneys for Intervenors<br>**CALIFORNIA TEACHERS ASSOCIATION and CAPISTRANO UNIFIED EDUCATION ASSOCIATION** |

1/6/09

648707.1