MICHAEL D. HERSH - *[State Bar No.144095]*
mhersh@cta.org
CALIFORNIA TEACHERS ASSOCIATION - LEGAL DEPARTMENT
11745 East Telegraph Road
Santa Fe Springs, California 90670
Telephone: 562.478.1348
Fax: 562.478.1434

Attorneys for Union Intervenors CALIFORNIA TEACHERS ASSOCIATION; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN,<br>Plaintiff,<br>v.<br>CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT, et al.,<br>Defendants.<br>CALIFORNIA TEACHERS ASSOCIATION/NEA; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION,<br>Union Intervenors for Defendants. | Case No. : SACV-07-1434 JVS (ANx)<br>*BEFORE THE HONORABLE JAMES V. SELNA – COURTROOM 10C*<br>**UNION INTERVENORS' SUPPLEMENTAL BRIEF RE EFFECT OF UNIONS' PLEADING OF QUALIFIED IMMUNITY**<br><br>**HEARING PENDING FOR:**<br>**DATE**: August 31, 2009<br>**TIME**: 1:30 p.m.<br>**COURTROOM**: 10C/Judge Selna |

The Unions properly pleaded the affirmative defense of qualified immunity on behalf of Dr. Corbett, and both Dr. Corbett and the Unions properly and timely seek a Court ruling on that defense. In addition, the Court should permit modification of the scheduling order and Dr. Corbett's Answer to include the defense already raised on his behalf.

**THE FRCP PERMITTED THE UNIONS' AFFIRMATIVE DEFENSES**

Plaintiff argues (Opposition at 15:18-24) that, "the Union Intervenors cannot assert an affirmative defense on behalf of another party, Defendant Dr.

-1-

Corbett." Plaintiff cites *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) ["Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official."] Neither *Harlow* nor *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924 (1980), the case cited in *Harlow*, concern the ability of an intervenor defendant to assert an affirmative defense on behalf of another party. In *Gomez*, the Supreme Court found a plaintiff need not plead a lack of good faith of a defendant official, as the burden belonged on the defendant to plead good faith, pursuant to Rule 8(c) of the FRCP. *Id.* Rule 8(c) requires a party "responding to a pleading" to "affirmatively state any avoidance or affirmative defense." Rule 8(c) does not preclude an intervenor's responsive pleading from raising affirmative defenses on behalf of another defendant.

Rule 24 (c) requires a party seeking to intervene serve the plaintiff and defendant with a proposed pleading "that sets out the claim or defenses for which intervention is sought." Fed. Rule Civ. Proc. 24(c). The Unions served the parties here with a Proposed Answer that was identical to their Answer.

It is disingenuous of Plaintiff to claim that Dr. Corbett or the Unions waived the right to assert the affirmative defense of qualified immunity when the Unions, expressly asserted the affirmative defense of qualified immunity on behalf of Dr. Corbett in their Proposed Answer and Answer, in accord with Rules 8 and 24 of the FRCP. "Pleadings must be construed so as to do justice." Rule 8(c), FRCP.

## THE UNIONS HAVE ASSOCIATIONAL REPRESENTATIONAL STANDING TO RAISE THE DEFENSE OF QUALIFIED IMMUNITY FOR ONE THEIR MEMBERS

Defendant Corbett is a member of the Unions and the Unions intervened on behalf of him and members employed by the School District. The Supreme Court has long recognized that unions have standing to sue in a representative capacity for members when the members would otherwise have standing. See, e.g. *International Union, United Auto., Aerospace and Agr. Implement Workers of*

38374

*America* v. *Brock,* 477 U.S. 274, 282, 106 S.Ct. 2523, 2529 (1986). The Unions' motion to intervene clearly asserted interests in this litigation, not only on its own institutional behalf, but in a representative capacity on behalf of its members, including Dr. Corbett. The Proposed Answer and Answer expressly and clearly set forth an affirmative defense which the Unions raised on behalf of member and co-Defendant Corbett.

The Unions, then, are uniquely situated in this case to raise this affirmative defense of critical interest to its members, even if most intervenors would not be so situated. While Dr. Corbett has the ability to speak for himself in this litigation, that does not preclude the Unions from also speaking on his behalf as a member of the Unions who share common interests.

## BECAUSE THE UNIONS RAISED THE AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY ON BEHALF OF DEFENDANT CORBETT, JUSTICE REQUIRES THAT HE BE PERMITTED TO AMEND HIS COMPLAINT TO INCLUDE THE DEFENSE

Whether or not the Unions' Answer appropriately raised the qualified immunity defense on behalf of Dr. Corbett, the defense was raised in fact. Plaintiff had an opportunity to object to the Unions' inclusion of this affirmative defense before and after the Unions' Answer was filed. Plaintiff can credibly claim neither surprise nor prejudice in opposing this motion.

The effect of the Unions' having raised the affirmative defense of qualified immunity on behalf of Dr. Corbett, is to permit the Court to determine the applicability of that defense.

                                        Respectfully submitted,

DATED: August 20, 2009    CALIFORNIA TEACHERS ASSOCIATION

                                        By: /S/
                                              Michael D. Hersh
                                              Attorneys for Union Intervenors CTA and CUEA