ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler, CA Bar No. 179572
Jennifer L. Monk, CA Bar No. 245512
24910 Las Brisas Road, Suite 110
Murrieta, CA 92562
Telephone: (951) 304-7583
Facsimile: (951) 600-4996
rtyler@faith-freedom.com
jmonk@faith-freedom.com

Attorneys for Plaintiff
CHAD FARNAN by and through
BILL FARNAN & TERESA FARNAN

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| **CHAD FARNAN**, a minor, by and through his parents **BILL FARNAN** and **TERESA FARNAN**;<br><br>Plaintiffs,<br><br>vs.<br><br>**CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT**, individually and in his official capacity as an employee of Capistrano Unified School District; and **DOES 1 through 20** inclusive,<br><br>Defendants. | Case No.: SACV07-1434 JVS (ANX)<br><br>**SUPPLEMENTAL BRIEFING PURSUANT TO COURT ORDER DATED AUGUST 18, 2009**<br><br>Dept:       10C<br>Judge:      James V. Selna<br>Hrg. Date:  August 31, 2009<br>Time:       1:30 p.m. |

This Court requested supplemental briefing regarding the effect of the Union Intervenors' pleading of qualified immunity on the question of whether the School Defendants should now be able to seek a determination regarding qualified immunity. Simply stated, the Union Intervenors' pleading has no substantive effect on Dr. Corbett's post-summary judgment attempt to assert qualified immunity. Even if the Union Intervenors could plead an affirmative defense on Dr. Corbett's behalf and, in doing so, expand the issues of the case, case law is clear that the qualified immunity affirmative defense is waived where it is pled in an answer and never subsequently argued when the opportunity arises. There are a plethora of affirmative defenses in the two Answers filed by Dr. Corbett and the Union Intervenors that were never argued and, as a result, are lost.

The most relevant question is not whether Intervenors can expand the issues in this particular situation, although case law clearly shows that such an expansion is not permitted. It is whether the Intervenors can plead on behalf of another Defendant, Dr. Corbett, an affirmative defense which they themselves are not entitled to plead. Dr. Corbett is attempting to re-litigate a case and correct an error in strategy, despite the extremely high prejudice to the Plaintiffs that would result.

**I.  Qualified Immunity, Even if Adequately Pled on Behalf of Dr. Corbett, Was Subsequently Waived and Lost**

Even if Intervenors and Dr. Corbett could provide some authority for the assertion that qualified immunity was adequately pled, they failed to preserve the defense by not asserting it prior to a ruling on the dispositive motions. "As with other affirmative defenses upon which the defendants bear the burden of proof, *see Harlow [v. Fitzgerald],* 457 U.S. [800,] []815 [(1982)], 102 S.Ct. at 2736; *cf. Powers v. Lightner,* 820 F.2d 818, 821 (7th Cir.1987), the defense of qualified immunity may be deemed as waived if not properly and timely presented before the district court." *Walsh v. Mellas,* 837 F.2d 789, 800 (7th Cir. 1988).

1

In *Maul v. Constan*, 928 F.2d 784, 786 (7th Cir. 1991), a former inmate brought a civil rights suit against officials at a state correction institution. The district court issued a ruling against Defendants, who then filed a post-trial motion and argued that the court erred by failing to apply the doctrine of qualified immunity to them because they had raised the defense of qualified immunity in their answer. *Id.* at 785. On appeal, the court held that defendants' argument that they did not waive the defense of qualified immunity because they raised the defense in their answer lacked merit. *See Id.* at 785-86. The defendants could not avoid a finding of waiver because they "did not preserve the point when they had [a] subsequent opportunity to do so." *Id.* at 786. *See, e.g., Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most defenses . . . may be waived as the result of course of conduct during litigation. [I]f a defendant were to engage in 'sandbagging' by raising the issue . . . then we would not hesitate to find that the defendant had waived [the defense]"). Here, both parties clearly waived the defense by failing to preserve it at any point in the litigation.

## II. Intervenors May Plead On Behalf of Themselves The Defenses That Are Available to That Defendant and Cannot Enlarge The Issues

Intervenors' and Dr. Corbett's recent attempts to argue that the Intervenors' pleading of qualified immunity in their Answer is sufficient to adequately assert the defense for Dr. Corbett is tantamount to a legally unsupported assertion that a defendant can plead an affirmative defense for another defendant that they themselves are not entitled to plead. The Union Intervenors cannot assert a qualified immunity defense and, as a result, would not merely be "enlarging the issues" by arguing a new defense. *See Harlow v. Fitzgerald*, 457 U.S. at 815 (1982) ("Qualified or 'good faith' immunity is an affirmative defense that *must be pleaded by a defendant official*.") (emphasis added) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). Instead, the Intervenors must be asserting it solely on behalf of another defendant, Dr. Corbett. There is no authority for such a proposition, and none has

been asserted by either Dr. Corbett or the Intervenors despite the extensive briefing that has been submitted on this issue.

Finally, permitting the Intervenors to plead an additional affirmative defense on behalf of Dr. Corbett is not within the permissible scope of intervention. Intervenors may only argue issues raised by another party in pleadings. *See Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("Except in extraordinary cases, ... intervenors 'may only join issue on a matter that has been brought before the court by another party,'" and "cannot expand the proceedings.") (quoting *Lamprecht v. FCC*, 958 F.2d 382, 389 (D.C. Cir. 1992) and *Illinois Bell Tel. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990)). Intervenors may only join existing arguments and cannot raise new arguments. It is impossible for the Union Intervenors to join another party's qualified immunity argument because no other party pled or argued qualified immunity at any point in this proceeding.

The inclusion of qualified immunity in the Union Intervenors' Answer has only one effect on the overall question presented to this Court. The Intervenors' Answer should have put Dr. Corbett and his counsel on notice that qualified immunity could be pleaded and had not been included in the Defendants' Answer. Dr. Corbett's delay in asserting the defense is inexcusable, especially in light of the notice that was provided upon the filing of the Answer to Dr. Corbett that such a defense was available. Plaintiffs' prejudice is insurmountable and, regardless of whether the defense was ever adequately pleaded by either the Defendants or Intervenors, their failure to preserve it and assert it at any subsequent point renders it waived.

DATED: August 20, 2009                ADVOCATES FOR FAITH & FREEDOM

 

By:     s/Jennifer L. Monk
Jennifer L. Monk
Email: jmonk@faith-freedom.com
Attorney for Plaintiffs

SUPPLEMENTAL BRIEFING PURSUANT TO COURT                    SACV07-1434 JVS (ANX)
ORDER DATED AUGUST 18, 2009

# CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 24910 Las Brisas Road, Suite 110, Murrieta, California 92562.

On August 20, 2009, I caused to be served the foregoing documents described below on the following interested parties in this action:

**SUPPLEMENTAL BRIEFING PURSUANT TO COURTS ORDER DATED AUGUST 18, 2009**

☒  Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **Michael D Hersh**
  mhersh@cta.org
- **Roberta A Kraus**
  bkraus@wss-law.com
- **Daniel K Spradlin**
  dspradlin@wss-law.com

Executed on August 20, 2009, at Murrieta, California.

☒  (Federal)  I declare that I am a member of the Bar of this Court at whose direction the service was made.

s/ Jennifer L. Monk
Email: jmonk@faith-freedom.com