DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
ROBERTA A. KRAUS - State Bar No. 117658
rakraus@wss-law.com
WOODRUFF, SPRADLIN & SMART, APC
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

Attorneys for Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT and DR. JAMES CORBETT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT, individually and in his official capacity as an employee of Capistrano Unified School District; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>CALIFORNIA TEACHERS ASSOCIATION/NEA; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION,<br><br>Union Intervenors/Defendants. | CASE NO.: SACV07-1434-JVS (ANx)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY; MEMORANDUM OF POINTES AND AUTHORITIES**<br><br>HEARINGS PENDING:<br>TYPE: Motions<br>DATE: August 31, 2009<br>TIME: 1:30 p.m.<br>COURTROOM: 10C/Judge Selna |

Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT ("CUSD") and DR. JAMES CORBETT ("Dr. Corbett") (sometimes collectively "Defendants") submit the following memorandum of points and authorities in reply to Plaintiff's opposition to Defendants' motion for a determination that Dr. Corbett is entitled to qualified immunity in this matter.

i

648801.1

## TABLE OF CONTENTS

1. INTRODUCTION ........................................................................................................1
2. BECAUSE THE RIGHT THAT DR. CORBETT HAS BEEN DETERMINED TO HAVE VIOLATED WAS NOT CLEARLY ESTABLISHED IN 2007 HE IS ENTITLED TO A FINDING OF QUALIFIED IMMUNITY IN HIS FAVOR......................................................1
3. DR. CORBETT HAS TIMELY RAISED THE ISSUE OF QUALIFIED IMMUNITY ...........................................................................................................4
4. CONCLUSION..........................................................................................................7

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)........1, 2

Camarillo v. McCarthy, 998 F.2d 638 (9th Cir. 1993).................................................5

Charpentier v. Godsil, 937 F.2d 859 (3rd Cir. 1991) ..................................................5

Evans v. Fogarty, 241 Fed.Appx. 542, 2007 WL 2380990 (10th Cir. 2007)................4

Fogel v. Collins, 531 F.3d 824 (9th Cir. 2008)............................................................3

Graves v. City of Coeur D'Alene, 339 F.3d 828 (9th Cir. 2003).................................4

Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664 (1st Cir. 1996) .....................................4

Kwai Fun Wong v. United States, 373 F.3d 952 (9th Cir. 2004).................................4

Rudebusch v. Hughes, 313 F.3d 506 (9th Cir. 2002)...................................................3

Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)................2, 3

Skrtich v. Thornton, 280 F.3d 1295 (11th Cir. 2002)..................................................4

Sonoda v. Cabrera, 255 F.3d 1035 (9th Cir. 2001).....................................................4

**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 12(b)(6)........................................................4

Federal Rules of Civil Procedure, Rule 12(c).............................................................4

Federal Rules of Civil Procedure, Rule 16 .................................................................4

Federal Rules of Civil Procedure, Rule 56(e).............................................................4

648801.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Farnan argues that Dr. Corbett is not entitled to qualified immunity because the contours of the right to be free from the government expressing disapproval of religion were sufficiently clear such that Dr. Corbett should have known that his comment was a violation of the Establishment Clause. In support of this position Farnan relies on broad, general Establishment Clause principles and ignores the context in which the comment at issue in this case occurred as is required when considering the applicability of a qualified immunity defense. Farnan also argues that Dr. Corbett's request that qualified immunity be applied to him at this time is too late and, as such, should be denied. Farnan is incorrect on both arguments.

## 2. BECAUSE THE RIGHT THAT DR. CORBETT HAS BEEN DETERMINED TO HAVE VIOLATED WAS NOT CLEARLY ESTABLISHED IN 2007 HE IS ENTITLED TO A FINDING OF QUALIFIED IMMUNITY IN HIS FAVOR

Farnan argues that because the right at issue here is the general right to be free of a governmental actor disapproving of religion and that this right was clearly established, Dr. Corbett is not entitled to qualified immunity. Farnan's argument, that simply because such broad category of a right is well established under the Constitution, governmental actors who are alleged to have violated this right are not entitled to qualified immunity, was flatly rejected by the United States Supreme Court in <u>Anderson v. Creighton</u>, 483 U.S. 635, 638-640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In <u>Anderson</u>, an FBI agent who participated in a warrantless search of the plaintiff's home while looking for a bank robbery suspect asserted a right to qualified immunity on summary judgment. In analyzing the issues relating to the qualified immunity defense, the <u>Anderson</u> court stated:

"[T]he right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that violates

1

648801.1

that Clause (no matter how unclear it may be that the particular action is a violation) violates a clearly established right. Much the same could be said of any other constitutional or statutory violation. But if the test of 'clearly established law' were to be applied at this level of generality, it would bear no relationship to the 'objective legal reasonableness' that is the touchstone of Harlow. Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights. Harlow would be transformed from a guarantee of immunity into a rule of pleading. Such an approach, in sum, would destroy 'the balance that our cases strike between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties, by making it impossible for officials 'reasonably to anticipate when their conduct may give rise to liability for damages.'" (Id. at 639, citation omitted)

Here, Farnan seeks to apply the "clearly established law" test to a level of generality that will, in essence, convert the immunity into a rule of virtually unqualified liability. The correct legal standard for judging whether Dr. Corbett is entitled to qualified immunity is not whether he violated the abstract principal of freedom from a public actor disapproving of religion, but whether Dr. Corbett, in light of all of the facts and circumstances confronting him at the time, was aware that a teacher could violate the Establishment Clause by making a single, incidental statement to his class during a year-long course.

This interpretation is supported by the Supreme Court's opinion in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), where it held that the inquiry is not whether a particular right is established in a vacuum but whether it was established on the specific facts of a particular case. (Id. at 202) Farnan, however, seeks to have this Court analyze the issue in a vacuum, i.e., was it established that a

648801.1

government actor could violate the Establishment Clause by disapproving of religion. But the Saucier court disapproved of this type of analysis and held that the court must find that the right was clearly established in light of the specific facts of a particular case such that "a reasonable official would understand that what he is doing violates that right." (Ibid.)

In Walker v. Gomez, 370 F.3d 969, 978 (9th Cir. 2004) the Ninth Circuit Court of Appeals agreed with this interpretation of the qualified immunity defense, noting that "[t]he second prong of the *Saucier* inquiry operates at a high level of specificity." (See also, Rudebusch v. Hughes, 313 F.3d 506, 518 (9th Cir. 2002) [finding that while the general rules were well enough established, "the specific contours of the law . . . were not well developed or sufficiently clear at the time"]; and Fogel v. Collins, 531 F.3d 824 (9th Cir. 2008) ["Our inquiry focuses on the precise circumstances of a particular case as well as the state of the law at the time of the alleged violation."])

Here, as noted in Defendants' moving papers, there was no case law available in 2007 that held that a teacher could violate the Establishment Clause by making a single, incidental statement in a single lecture. Farnan has not disputed this and has not presented any contrary case law that is on point. Defendants also presented case law in its moving papers that shows that great confusion has been expressed both by the Ninth Circuit and the United States Supreme Court over how to determine whether an activity violates the Establishment Clause. Again, Farnan does not dispute this case law.

It appears that this Court's ruling that a teacher can violate the Establishment Clause by making a single, incidental statement is the first time such a ruling has been made. As such, Dr. Corbett is entitled to a determination of the second prong of the qualified immunity inquiry, i.e., was the right deemed to have been violated clearly established in 2007. A review of the applicable law as presented by Defendants mandates that this prong be decided in the negative – the right was not clearly established.

648801.1

### 3. DR. CORBETT HAS TIMELY RAISED THE ISSUE OF QUALIFIED IMMUNITY

Farnan argues that because Dr. Corbett did not raise qualified immunity in a motion to dismiss or motion for summary judgment he has waived the right to raise it now. Farnan is incorrect.

The doctrine of qualified immunity may be raised in a motion to dismiss, on a motion for summary judgment or at trial. (See, Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664, 667 (1st Cir. 1996); see also, Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002) [qualified immunity may be raised on a pretrial motion to dismiss under Rule 12(b)(6), as an affirmative defense in a request for judgment on the pleadings pursuant to Rule 12(c), on a summary judgment motion pursuant to Rule 56(e), or at trial]) Courts also may raise the issue of qualified immunity sua sponte and even, for the first time, on appeal. (See, Graves v. City of Coeur D'Alene, 339 F.3d 828, 845, fn. 23 (9th Cir. 2003); see also, Sonoda v. Cabrera, 255 F.3d 1035 (9th Cir. 2001)) The qualified immunity issue cannot be resolved without first deciding the scope of the constitutional rights at stake; thus, while a defendant has the right to raise the qualified immunity defense on a motion to dismiss, often the exercise of that right is not a wise choice. (See, Kwai Fun Wong v. United States, 373 F.3d 952, 956, 957 (9th Cir. 2004))

Farnan relies on the case of Evans v. Fogarty, 241 Fed.Appx. 542, 2007 WL 2380990 (10th Cir. 2007), to support his argument that Dr. Corbett's raising of the qualified immunity defense at this time is untimely, and thus, waived. Notably, in Evans, the court noted that defenses not raised in the pretrial conference order under Federal Rules of Civil Procedure, Rule 16, even if raised in the pleadings, are waived. Here, however, no pretrial conference order was ever completed due to the parties' pending motions for summary judgment. Thus, Defendants were precluded from presenting this defense in the pretrial conference order. Undoubtedly, the qualified immunity defense would have been included as a defense in the pretrial conference

4

648801.1

order since the Union Intervenors had raised this defense on Dr. Corbett's behalf. In fact, because the defense was raised by the Union Intervenors, there was no waiver and there is no prejudice to Farnan. (See, Charpentier v. Godsil, 937 F.2d 859, 864 (3rd Cir. 1991) [cited in Defendants' supplemental papers where court held that there had been no waiver of the immunity defense and the defense should be allowed because (1) amendments are to be liberally granted; (2) the answers of other defendants raised the defense; and (3) the trial brief of another defendant alerted the other parties to it])

Farnan also relies on Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993), to support his argument that the failure to raise qualified immunity as a defense in the answer waives it. This, however is not what Camarillo holds. In Camarillo the plaintiff argued that the prison officials waived the defense of qualified immunity by failing to raise it as an affirmative defense in their answer to the complaint. While recognizing that qualified immunity is an affirmative defense that should be pled by the defendant, where there is no showing of prejudice, it can be raised at a later time. (Ibid.) In Camarillo, the later time that was acceptable was when the defendants raised the issue for the first time at summary judgment. (Ibid.) Because the record did not suggest any prejudice, the court held that the defense of qualified immunity was not waived. (Ibid.)

Here, too, there is no prejudice to Farnan by allowing Dr. Corbett to raise the qualified immunity defense at this time. In opposition to Defendants' motion to amend their answer, Farnan argues that he would be prejudiced by allowing the amendment because he already has undertaken extensive discovery and the parties already filed dispositive motions. This argument is not well taken.

As pointed out in Defendants' concurrently filed reply to the opposition to the motion for leave to amend, this discovery and these motions would have been filed anyway. First, Dr. Corbett is not the only defendant in this matter – the District also was a named Defendant in Farnan's complaint. As such, even if Dr. Corbett had raised

648801.1

the defense in his answer, all of the discovery and dispositive motions would have been necessary due to the District also being a party to the action. Further, in light of this Court's ruling on Defendants' motion to dismiss (finding that sufficient facts had been alleged to show a potential violation of the Establishment Clause), as well as the Court's ruling on Farnan's motion for summary judgment (finding that a single, incidental statement constituted a violation of the Establishment Clause) it is likely that a qualified immunity defense would not have been sustained at the preliminary stages; thus necessitating the conducting of discovery and the filing of the dispositive motions.

Therefore, because there would be no prejudice to Farnan to allow a determination of the qualified immunity to occur at this stage of the proceedings, and because there has been no waiver of the defense, it is proper for this Court to make this determination at this time.

As previously noted by Defendants, this Court's May 1st decision was the first time that a court has held that a single comment made by a teacher during the course of a single lecture in a year-long class could constitute an Establishment Clause violation. The parties have submitted numerous briefs in this case and no one has produced a case that has held that a teacher can violate the Establishment Clause by making a single statement during the course of one lecture.

Thus, Defendants and the Union Intervenors, by seeking a determination of the qualified immunity defense as soon as possible after this Court's determination, have not unreasonably delayed in raising this defense but have asserted it at the first practicable moment. There is no prejudice to Farnan to decide the qualified immunity issue at this time. The qualified immunity defense is now ripe for this Court's determination and that determination should be in Dr. Corbett's favor.

///
///
///

6

### 4. CONCLUSION

Based on the above, as well as based on the supplemental and moving papers filed by Defendants, this Court should determine the qualify immunity defense in Dr. Corbett's favor and rule that he is immune from liability in this matter.

DATED: August 24, 2009

WOODRUFF, SPRADLIN & SMART, APC

By: /s/ *signature*
DANIEL K. SPRADLIN
ROBERTA A. KRAUS
Attorneys for Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT and DR. JAMES CORBETT

648801.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On August 24, 2009, I served the foregoing document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY; MEMORANDUM OF POINTES AND AUTHORITIES**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☒ by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list:

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 24, 2009 at Costa Mesa, California.

*Bobbie Marsh*
Bobbie Marsh

8

648801.1

# CHAD FARNAN et al. v. CAPISTRANO UNIFIED SCHOOL DISTRICT
## USDC CASE NO. SACV07-1434-JVS (ANx))
## ASSIGNED TO: HON. JAMES V. SELNA
## ATTACHED SERVICE LIST

| | |
|---|---|
| ADVOCATES FOR FAITH AND FREEDOM<br>Jennifer L. Monk, Esq.<br>24910 Las Brisas Road, Suite 110<br>Murrieta, CA 92562<br>Telephone: (951) 304-7583<br>Facsimile: (951) 600-4996 | Attorneys for Plaintiff<br>**CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN** |
| Michael D. Hersh, Esq.<br>CALIFORNIA TEACHERS ASSOCIATION – LEGAL DEPARTMENT<br>11745 East Telegraph Rd.<br>Santa Fe Springs, CA 90670<br>Telephone: (562) 478-1410<br>Facsimile: (562) 478-1434 | Attorneys for Intervenors<br>**CALIFORNIA TEACHERS ASSOCIATION and CAPISTRANO UNIFIED EDUCATION ASSOCIATION** |

1/6/09

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

648801.1