DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
ROBERTA A. KRAUS - State Bar No. 117658
rakraus@wss-law.com
WOODRUFF, SPRADLIN & SMART, APC
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

Attorneys for Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT and DR. JAMES CORBETT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT, individually and in his official capacity as an employee of Capistrano Unified School District; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>CALIFORNIA TEACHERS ASSOCIATION/NEA; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION,<br><br>Union Intervenors/Defendants. | CASE NO.: SACV07-1434-JVS (ANx)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER AND ANSWER TO ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>HEARINGS PENDING:<br>TYPE: Motions<br>DATE: August 31, 2009<br>TIME: 1:30 p.m.<br>COURTROOM: 10C/Judge Selna |

Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT ("CUSD") and DR. JAMES CORBETT ("Dr. Corbett") (sometimes collectively "Defendants") submit the following memorandum of points and authorities in reply to Plaintiff's opposition to Defendants' motion for an order amending the Scheduling Order to extend the time limit for hearing motions to amend and to amend their answer.

i

648798.1

# TABLE OF CONTENTS

1. INTRODUCTION ..........................................................................................1
2. GOOD CAUSE HAS BEEN SHOWN TO AMEND THE SCHEDULING ORDER ...........................................................................1
3. JUSTICE REQUIRES THAT LEAVE TO AMEND BE "FREELY GIVEN" ......................................................................................................3
   A. Farnan has not Shown that the Amendment is Sought in Bad Faith ....4
   B. Farnan has not Shown that the Amendment is Futile .........................6
   C. Farnan has not Shown that the Amendment will Cause Undue Prejudice ...........................................................................................7
   D. Farnan has not Shown that the Amendment will Create Undue Delay ................................................................................................9
4. CONCLUSION ............................................................................................9

648798.1

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Ascon Properties, Inc. v. Mobil Oil Company, 866 F.2d 1149 (9th Cir. 1989)..............4

Charpentier v. Godsil, 937 F.2d 859 (3rd Cir. 1991) ......................................................8

D'Aguanno v. Gallagher, 50 F.3d 877 (11th Cir. 1995) ..................................................4

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003)........................7

Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ..............................4

Genentech, Inc. v. Bowen, 676 F.Supp. 301 (D. D.C. 1987) .........................................8

In re Circuit Breaker Litigation, 175 F.R.D. 547 (C.D. Cal. 1997)................................7

Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604 (9th Cir. 1992) .....................1, 2

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074 (9th Cir. 1990)..........6, 7, 9

Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).......................5

Trinity Carton Co., Inc. v. Falstaff Brewing Corp. 767 F.2d 184 (5th Cir. 1985) .........1

U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)............................................................4

Walker v. Gomez, 370 F.3d 969 (9th Cir. 2004)..............................................................5

**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 15(a)..............................................................3, 7

**TREATISES**

3-15 J. Moore, Moore's Federal Practice ¶ 15.14 (3d ed. 2008)....................................4

648798.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Defendants seek leave to amend the scheduling order so that this Court may hear and rule on their motion to amend their answer. Farnan opposes Defendants' request that this Court amend the scheduling order on the ground that good cause has not been shown by the request. Farnan opposes Defendants' motion to amend their answer on four grounds. First, Farnan claims that the request for leave is sought in bad faith. Second, Farnan argues that the request must be denied because the amendment sought is futile. Third, Farnan asserts that leave should not be granted because he would be unduly prejudiced. Finally, Farnan argues that the amendment will cause undue delay. None of Farnan's contentions has merit.

## 2. GOOD CAUSE HAS BEEN SHOWN TO AMEND THE SCHEDULING ORDER

In his opposition Farnan argues that "Defendants had a duty to raise all their defenses during the pretrial conference,"[1] citing to <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F. 2d 604, 609-610 (9th Cir. 1992) and <u>Trinity Carton Co., Inc. v. Falstaff Brewing Corp.</u> 767 F.2d 184, 193 (5th Cir. 1985). Farnan argues that because Defendants did not raise the qualified immunity defense at the pretrial conference the defense has been waived.[2]

Farnan apparently forgets, however, that a pretrial conference never was held in this matter. In the scheduling order dated June 18, 2008, the pretrial conference originally was set for April 13, 2009. On April 2, 2009, this Court continued the pretrial conference to April 20, 2009. At the time this Court continued the pretrial conference it stated:

///

---

[1] Opposition, 4:6-7
[2] Opposition, 4:11-12

1

"The Court expects to rule on the pending Motion for Summary Judgment at or shortly after the April 6, 2009 hearing. *To allow the parties to reflect that ruling in the pretrial conference order and related papers*, the Court continues the Pretrial Conference from April 13, 2009, to April 20, 2009 at 11:00 a.m." (Emphasis added)

Thus, Defendants would have had the opportunity to raise the qualified immunity defense at the pretrial conference after this Court ruled on the pending motions for summary judgment had the pretrial conference remained on calendar. This Court, however, in its order dated April 9, 2009, vacated the pre-trial conference set for April 20, 2009. At the time it did so, the Court stated that it would "afford the parties the opportunity to brief the issue of relief and may conduct a separate hearing on that issue." Then, in lieu of the previous set pretrial conference, on May 1, 2009, this Court set a status conference for June 1, 2009 and ordered the parties to file a "joint proposal for disposition of the equitable *and any other remaining issues*. . ." In that joint proposal Defendants raised the issues of amending their answer to assert the qualified immunity defense and their request that this Court determine the qualified immunity issue in Dr. Corbett's favor.

In light of the above facts, the case law cited by Farnan that amendment should not be allowed *after* the pretrial order is inapposite. No pretrial conference was held in this matter and no pretrial order was entered. Had such a pretrial conference been held, Defendants would have had an opportunity to raise the qualified immunity issue at that time. Thus, because no pretrial conference was held, there is no prejudice or waiver resulting from Defendants' failure to raise the issue at that time. Under such circumstances, this Court's inquiry relates to matters that were not foreseeable *at the time of the scheduling conference* (not the pretrial conference) and whether Defendants were diligent in seeking amendment once the need to amend became apparent. (See, Johnson v. Mammoth Recreations, Inc., supra, 975 F. 2d at 608)

///

Here, Defendants have shown the requisite good cause for amending the scheduling order. Defendants have been diligent throughout each stage of this litigation.

Throughout this litigation Farnan has asserted that "the gravamen of [his] case was and remains the barrage of religious hostility expressed by Dr. Corbett throughout the Fall 2007 semester during his Advanced Placement European History class." This case at no time "concern[ed] a few incidental statements of a teacher that may periodically reflect upon the teacher's personal beliefs" but concerned Dr. Corbett's alleged "continual and incessant actions." Yet, on May 1, 2009, this Court found that Dr. Corbett did not engage in a continual and incessant barrage of religious hostility but determined that Dr. Corbett violated the Establishment Clause when he made the single statement "religious, superstitious nonsense."

It is because of the May 1 ruling that Defendants first determined that Dr. Corbett is now able to raise the qualified immunity defense. It is as a direct result of the Court's May 1, 2009 ruling that Defendants now seek leave to amend the scheduling order so that this Court may hear and rule on Defendants' motion to amend their answer to include qualified immunity as an affirmative defense. Defendants have been diligent in defending this action and have not unreasonably delayed in bringing to Farnan's and this Court's attention the need to amend the answer as soon as such need became apparent and necessary. As such, this Court should grant Defendants' request and amend the scheduling order so as to allow this Court to hear and rule on Defendants' pending motions to amend their answer and for a determination of qualified immunity in Dr. Corbett's favor.

### 3. JUSTICE REQUIRES THAT LEAVE TO AMEND BE "FREELY GIVEN"

Under Federal Rules of Civil Procedure, Rule 15(a), leave to amend "shall be freely given when justice so requires." The United States Supreme Court and the Ninth Circuit have repeatedly reaffirmed that leave to amend is to be granted with

3
648798.1

extreme liberality. (See, for example, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) [leave to amend should be freely given]; U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) [courts should be guided by the policy favoring decisions on the merits "rather than on the pleadings or technicalities"]; 3-15 J. Moore, Moore's Federal Practice ¶ 15.14 (3d ed. 2008) ["A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)"])

Leave to amend should be granted unless the amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. (Ascon Properties, Inc. v. Mobil Oil Company, 866 F.2d 1149, 1160 (9th Cir. 1989)) As discussed below and in Defendants' moving papers, none of these factors exist here.

### A. Farnan has not Shown that the Amendment is Sought in Bad Faith

Farnan argues that Defendants' motion should be denied because it is brought in bad faith because, according to Farnan, it has "no value." (Opposition, 6:25-27) Farnan asserts that Defendants' proposed amendment has no value because the qualified immunity defense is only a defense from civil damages and Farnan is only seeking nominal damages. (Id. at 7:3-6) Not surprisingly, Farnan provides no citation to case law that holds that qualified immunity is valueless in cases where a plaintiff seeks only nominal damages.

Further, Farnan's argument ignores that a finding of qualified immunity also bars claims for damages such as costs and attorney's fees. (See, D'Aguanno v. Gallagher, 50 F.3d 877, 881 (11th Cir. 1995)) Finally, Farnan also ignores the undisputed value to Dr. Corbett personally to receive a finding by this Court that the right that he has been held to have violated was not clearly established at the time and that, as such, he is immune from any liability for the comment attributed to him.

Farnan further contends that Defendants have shown bad faith by not seeking the amendment in a timely manner. Farnan argues that the proper inquiry on a qualified immunity defense is not whether the Court's determination that a single statement may violate the Establishment Clause but whether Farnan's allegations in

4

his complaint show an Establishment Clause violation. Not surprisingly, Farnan provides no legal support for his conclusion. That is because Farnan's analysis of the qualified immunity defense is flawed.

Under Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), two inquiries are to be made in determining whether a public official is entitled to qualified immunity. The first is whether the alleged acts, when construed in the light most favorable to the plaintiff, show that the official's conduct violated a constitutional right. (Id. at 200-201) If no constitutional right was violated even under the plaintiff's allegations, the official is entitled to judgment; however, *if a constitutional violation could be established under a favorable view of the evidence submitted*, the court must move to the second step in the analysis. The second step involves an inquiry into whether the constitutional right was clearly established and "must be undertaken in light of the specific context of the case, not as a broad general proposition." (Ibid.)

Thus, the determination of whether or not a constitutional right has been violated is made upon viewing the evidence submitted and is not simply made by resort to a plaintiff's pleading. If a court finds a constitutional violation, then it moves on to the analysis of whether or not the right was clearly established. As noted by the Ninth Circuit Court of Appeals in Walker v. Gomez, 370 F.3d 969, 978 (9th Cir. 2004), "[t]he second prong of the *Saucier* inquiry operates at a high level of specificity. It is insufficient that the broad principle underlying a right is well-established. . . ."

Here, Farnan's first amended complaint was phrased in such a way that the *broad principle* underlying the right he contended Dr. Corbett violated was well-established. This Court, however, when it made its May 1 ruling narrowed that broad principle and specifically found that a single comment by Dr. Corbett violated the Establishment Clause. It is this ruling that triggered the qualified immunity defense and now requires this Court to inquire if this narrowly drawn principle found by it was

5

well-established. Defendants have brought this question to this Court's attention at the first practicable moment after this Court determined that a single statement made by Dr. Corbett constituted a violation of the establishment clause.

Defendants have presented ample evidence in support of this motion and in support of their accompanying motion for a determination of qualified immunity in Dr. Corbett's favor to show that this Court's finding that a single statement constituted a violation was the first time a court has made such a ruling. This rule of law was not "clearly established" at the time. At all times prior to this ruling Farnan contended that Dr. Corbett made anti-Christian or anti-religious comments on a daily basis throughout the 2007 semester and that anti-Christian comments essentially were the theme of Dr. Corbett's lectures. Following the Court's May 1, 2009 ruling, Defendants diligently brought this matter to the Court's attention as quickly as possible. Defendants' request for leave to amend was motivated by the Court's ruling, not by an interest in delaying the proceedings.

### B. Farnan has not Shown that the Amendment is Futile

Where the legal basis for an amendment is tenuous, futility supports the refusal to grant leave to amend. (Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990))

Farnan argues that the amendment sought by Defendants is futile because there has been a final ruling in this case. (Opposition, 24-26) Farnan is incorrect. There has been no final ruling and no judgment has been entered against Dr. Corbett. As more fully explained in Defendants' moving papers, qualified immunity now appears to provide a defense to Farnan's claims due to this Court's May 1st ruling. It is this Court's ruling that supports the viability of the proposed amendment and renders this request anything but futile.

///

///

///

6

### C. Farnan has not Shown that the Amendment will Cause Undue Prejudice

Farnan claims that allowing the proposed amendment will cause him the following prejudice: (1) the parties engaged in significant discovery and filed numerous motions (opposition, 12:1-4); (2) it will deprive Farnan of his costs and attorney's fees (opposition, 12:12-13); and (3) Farnan will not be able to seek nominal damages (opposition, 13:7-8).

The opposing party has the burden of demonstrating prejudice. (See, In re Circuit Breaker Litigation, 175 F.R.D. 547, 551 (C.D. Cal. 1997)) The prejudice demonstrated *must be substantial.* (Morongo Band of Mission Indians v. Rose, supra, 893 F.2d at 1079) "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." (Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003))

Here, Farnan has failed to carry his burden to show the requisite prejudice. First, the fact that a finding of qualified immunity will prevent Farnan from obtaining a judgment of nominal damages against Dr. Corbett or from recovering costs or attorney's fees is not prejudice. Farnan has had a full and fair opportunity to conduct discovery and present his arguments in this case. He has not been prejudiced or limited in this regard. To accept Farnan's argument that a ruling against him constitutes "prejudice" would be the same as saying that this Court's May 1 ruling has prejudiced Dr. Corbett because it has subjected him to the possibility of nominal damages or costs and attorney's fees.

Farnan's claim that a finding of qualified immunity would result in injustice because of the "high probability that this Court's Order dated May 1, 2009, would likely be vacated"[3] also is not well taken. Defendants are not asking this Court to

---

[3] Opposition, 12:27-28

vacate its May 1, 2009 ruling but are asking that this Court, *in light of that ruling*, make a finding of qualified immunity in Dr. Corbett's favor because the constitutional right determined by it to have been violated was not clearly established at the time.

Further, Farnan's argument that he will be prejudiced if the requested amendment is allowed because the parties already have engaged in significant discovery and filed numerous motions is not convincing. As pointed out in Defendants' moving papers Farnan's claim that he will be prejudiced because of the significant discovery conducted and the filing of multiple motions in this case ignores the fact that such discovery and motions would have occurred even if Dr. Corbett had raised the qualified immunity defense at an earlier time because Dr. Corbett is not the only defendant in this matter. Farnan also sued CUSD. To refute this claim Farnan makes the speculative argument that if Dr. Corbett had received a finding of qualified immunity in his favor, its case against CUSD, essentially, no longer would have had merit or been worth pursuing. If that is the case, one is left to wonder, then, why Farnan sued CUSD at all.

Farnan has been on notice of the possibility of the qualified immunity defense being an issue in this case since the Union Intervenors filed their answer and raised the defense on Dr. Corbett's behalf. First, it was proper for the Union Intervenors to raise this defense. (See, Genentech, Inc. v. Bowen, 676 F.Supp. 301, 308, fn. 20 (D. D.C. 1987) [cited in Defendants' supplemental papers, where the court held that providing an opportunity to litigate claims not adequately raised by the parties is one of the purposes of intervention]) Second, because the defense was raised by the Union Intervenors, there was no waiver and there is no prejudice to Farnan. (See, Charpentier v. Godsil, 937 F.2d 859, 864 (3rd Cir. 1991) [cited in Defendants' supplemental papers where court held that there had been no waiver of the immunity defense and the defense should be allowed because (1) amendments are to be liberally granted; (2) the answers of other defendants raised the defense; and (3) the trial brief of another defendant alerted the other parties to it])

8

Because there is no need to conduct further discovery to determine the qualified immunity issue, because the discovery and motions undertaken to date were relevant and necessary not only to Dr. Corbett but to CUSD – and the Union Intervenors as well, and because the defense was raised on Dr. Corbett's behalf by the Union Intervenors, there has been no waiver and Farnan will not suffer any prejudice by permitting this amendment.

### D. Farnan has not Shown that the Amendment will Create Undue Delay

Farnan claims that the amendment should be denied because Defendants unduly delayed in seeking it. As noted in Defendants' moving papers, the Ninth Circuit has held that mere delay in seeking leave to amend is not a sufficient basis for denying a motion to amend. (Morongo Band of Mission Indians v. Rose, supra, 893 F.2d at 1079) In Morongo Band of Mission Indians, while the Court did deny leave to amend, it did so based on reasons other than mere delay. The court found that the opposing party would be prejudiced if the amendment were allowed because permitting the new claims to be raised in the amended complaint would have greatly altered the nature of the litigation and would have required the defendants to undertake an entirely new course of defense. (Ibid.) These factors, however, do not exist here.

The qualified immunity defense is based on an objective standard, not what Dr. Corbett believed at the time; therefore, further discovery would be without merit. Additionally, the Court has already approved a briefing schedule to facilitate a determination of whether Dr. Corbett is entitled to the defense. As such, the amendment will not create any undue delay.

### 4. CONCLUSION

Based on the above and on the matters contained in Defendants' moving and supplemental papers, this Court should grant Defendants' request to amend the Scheduling Order and should grant Defendants leave to file an amended answer

///

///

648798.1

asserting qualified immunity as an affirmative defense, deeming the amended answer filed and served as of the date of the hearing on this motion.

DATED: August 24, 2009　　　　　　　WOODRUFF, SPRADLIN & SMART, APC

By: *[signature]*
DANIEL K. SPRADLIN
ROBERTA A. KRAUS
Attorneys for Defendants CAPISTRANO UNIFIED SCHOOL DISTRICT and DR. JAMES CORBETT

648798.1

|  | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF ORANGE** |

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On August 24, 2009, I served the foregoing document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER AND ANSWER TO ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☒ by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list:

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 24, 2009 at Costa Mesa, California.

*/s/ Bobbie Marsh*
Bobbie Marsh

648798.1

<u>**CHAD FARNAN et al. v. CAPISTRANO UNIFIED SCHOOL DISTRICT**</u>

<u>**USDC CASE NO. SACV07-1434-JVS (ANx))**</u>
<u>**ASSIGNED TO: HON. JAMES V. SELNA**</u>

<u>**ATTACHED SERVICE LIST**</u>

| | |
|---|---|
| ADVOCATES FOR FAITH AND FREEDOM<br>Jennifer L. Monk, Esq.<br>24910 Las Brisas Road, Suite 110<br>Murrieta, CA 92562<br>Telephone: (951) 304-7583<br>Facsimile: (951) 600-4996 | Attorneys for Plaintiff<br>**CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN** |
| Michael D. Hersh, Esq.<br>CALIFORNIA TEACHERS ASSOCIATION – LEGAL DEPARTMENT<br>11745 East Telegraph Rd.<br>Santa Fe Springs, CA 90670<br>Telephone: (562) 478-1410<br>Facsimile: (562) 478-1434 | Attorneys for Intervenors<br>**CALIFORNIA TEACHERS ASSOCIATION and CAPISTRANO UNIFIED EDUCATION ASSOCIATION** |

1/6/09

648798.1