1  MICHAEL D. HERSH - *[State Bar No.144095]*
   mhersh@cta.org
2  CALIFORNIA TEACHERS ASSOCIATION - LEGAL DEPARTMENT
   11745 East Telegraph Road
3  Santa Fe Springs, California   90670
   Telephone: 562.478.1348
4  Fax: 562.478.1434

5

   Attorneys for Union Intervenors CALIFORNIA TEACHERS ASSOCIATION;
6  and CAPISTRANO UNIFIED EDUCATION ASSOCIATION

7

8               UNITED STATES DISTRICT COURT

9   FOR THE CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10

| | |
|---|---|
| CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT, et al.,<br><br>Defendants.<br><br>―――――――――――<br><br>CALIFORNIA TEACHERS ASSOCIATION/NEA; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION,<br><br>Union Intervenors for Defendants. | Case No. : SACV-07-1434 JVS (ANx)<br><br>*BEFORE THE HONORABLE JAMES V. SELNA – COURTROOM 10C*<br><br>**UNION INTERVENORS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AMENDING SCHEDULING ORDER & TO AMEND ANSWER TO ASSERT QUALIFIED IMMUNITY AS AN AFFIRMATIVE DEFENSE; DECLARATION OF MICHAEL D. HERSH IN SUPPORT THEREOF**<br><br>**HEARING PENDING**<br><br>DATE:      August 31, 2009<br>TIME:       1:30 p.m.<br>COURTROOM:   10C/Judge Selna |

27  ///

28  ///

-1-

## I. DEFENDANTS AND UNION INTERVENORS HAVE ESTABLISHED GOOD CAUSE TO AMEND THE SCHEDULING ORDER AND ANSWER

In their Motion for an Order to Amend the Court's Scheduling Order and to Amend Answer, joined by Union Intervenors, Defendants set forth the meritorious bases for their motion. Plaintiff's Complaint, FAC, discovery papers and assertions in briefs, expressly asserted that it was Defendants' longstanding policy and practice, a pattern of incessant and anti-religious statements that violated the Establishment Clause. Moreover, the sole statement that the Court has found to violate the Establishment Clause was not one alleged in the FAC. The Defendants and Union Intervenors have shown due diligence, and provided evidence through the Declaration of Daniel J. Spradlin and the attached Declaration of Michael D. Hersh (pursuant to Local Rule 7-7), that the qualified immunity defense issue was raised as soon as its availability was known. That one particular statement expressing hostility to religion - Young-Earth Creationism - in the context of a teacher describing another teacher's use of Creationist teachings in a Biology course, could violate the Establishment Clause, had not been clearly established prior to the Court's ruling. In a May 4, 2009 press release and posted on their web site, Advocates for Faith and Freedom, Plaintiff's counsel, calls the ruling, "a first-of-its-kind decision." Hersh Decl., ¶ 4.

## II. PLAINTIFF FAILS TO SHOW SUFFICIENT PREJUDICE, BAD FAITH OR LACK OF DUE DILIGENCE ON THE PART OF DEFENDANTS TO WARRANT DENIAL OF THEIR MOTION

In his Opposition, Plaintiff provides no evidence that the Defendants did not exercise due diligence in seeking this Order. Plaintiff has provided no date, for example, upon which he contends the Defendants would have had fair notice

that the particular statement found to violate the Establishment Clause was part of the pattern that Plaintiff had been alleging Dr. Corbett had engaged in, let alone a date when Defendants would have had fair notice that the particular statement, by itself, could constitute a violation of the Establishment Clause. Plaintiff tellingly leaves it to Defendants to actually quote from the pleadings. The Declaration of Daniel Spradlin is uncontested, and due diligence has been established.

### III. PLAINTIFF IS NOT UNDULY PREJUDICED BY PERMITTING DEFENDANTS TO AMEND

The prejudice that Plaintiff claims to have suffered and will suffer should Defendants be granted leave to amend their Answer, is in significant part self-inflicted. Plaintiff filed a Complaint and FAC that did not allege the sole statement that the Court eventually found to violate the Establishment Clause. Up until his Motion for Summary Judgment, contrary to his incredible denial, Plaintiff litigated a case predicated on a course of conduct over a substantial period of time that included thousands of sentences and dozens of topics. Further, by litigating statements of Dr. Corbett that clearly did not violate the Establishment Clause (in some cases did not touch on religion at all), and even attempting to take positive comments about Christians and portray them as anti-Christian, Plaintiff himself caused the delays and expenses for all parties which he points to as prejudice. The Federal notice rules are liberal and forgiving, but a consequence of notice pleading is that significant litigation is often necessary before a record can be established that permits an analysis of an alleged Establishment Clause violation.

Plaintiff also suggests that he suffered prejudice because the issue of qualified immunity was not litigated at an earlier point in the litigation, and indicates Plaintiff might not have pursued the litigation against the School District had Dr. Corbett been found to be immune. Pl. Opp. at 14:9-11. A motion to dismiss the case based upon the qualified immunity defense could not have been

well-taken prior to the Court's ruling on summary judgment motions. Had a motion, based on the Plaintiff's "policy and practice" claims failed, Defendants would still be seeking leave of the Court to reconsider the matter in light of the ruling on the summary judgment motions. In *Safford Unified School District* v. *Redding*, 129 S.Ct. 2633, 77 USLW 4591 (2009), defendants raised the qualified immunity defense in summary judgment motion. The District Court and Ninth Circuit panel had found no Fourth Amendment violation. The Ninth Circuit *en banc* and Supreme Court decisions found a violation and held that the qualified immunity defense applied. *Id.* at 2638. Plaintiff is not the first plaintiff to find himself having proved a Constitutional violation only to have the qualified immunity raised.

Had Plaintiff not included statements in the FAC that were clearly <u>not</u> violative of the Establishment Clause and not contended that Defendants had a policy and practice of treating Christians with hostility, seeking to enjoin teachers throughout the school district, Union Intervenors would not likely have had the need or legal basis to intervene. Had Plaintiff limited the scope of the litigation to those few comments that the Court found it necessary to address in its ruling on the merits, Union Intervenors would have, had they intervened, moved to dismiss on the qualified immunity defense rather than filing an answer. The allegations set forth in the FAC, however, and the numerous assertions of Plaintiff since, which contended that Dr. Corbett's purported anti-religious comments were part of a pattern that extended over the entire semester and even years before, would not have given rise to a viable qualified immunity defense. Therefore, Union Intervenors filed an Answer, reserving affirmative defenses for such time as their availability might come into play. Hersh Decl., ¶¶ 3, 5 & 6.

Plaintiff states that "prejudice and undue delay are inherent in an amendment asserted after the close of discovery," citing *Campbell* v. *Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Pl. Opp. at 17:2-4. The procedural

-4-

history in *Campbell*, far exceeded the delays in the instant case. In that case, the motion for leave to amend was filed more than one year after discovery had ended, after dispositive motions had been filed, nearly six years after the lawsuit was begun, and the Court found that plaintiff had had the facts available at the time it had filed its earlier complaints. *Id.* at 1162. This litigation proceeded briskly, and Defendants and Union Intervenors did not have access to the facts or case law upon which their motion is based until the Court's May 1, 2009 ruling.

## IV. PLAINTIFF CAN SHOW NO EVIDENCE OF BAD FAITH OR FUTILITY

Plaintiffs have not provided the Court with any evidence of bad faith on the part of the Defendants. It is ridiculous for Plaintiff to imply that Defendants or Union Intervenors would have wanted to prolong litigation, had an affirmative defense that might have disposed of the lawsuit been available to them earlier. As noted above, it is not uncommon in 1983 cases to have the qualified immunity defense become viable relatively late in the process, because it is predicated upon a determination of an underlying Constitutional violation. See, e.g. *Safford Unified School District, supra,* 129 S.Ct. 2633.

Plaintiff disingenuously claims that the Defendants' motion is "futile" because Plaintiff seeks only nominal damages. Pl. Opp. at 11:11-14. Yet a page later, Plaintiff contends that allowing the Defendants to amend their answer "will deprive the Plaintiffs from recovering their costs and attorneys fees from Defendants . . ." Pl. Opp. at 12:10-13. Obviously, the Plaintiff's demand for attorneys' fees and costs will dwarf the nominal damages they seek, and so Defendants' motion is not futile. Finally, Plaintiff's entire claim of "grave injustice" appears to be predicated on Plaintiff's belief that, should the District be permitted to amend its Answer, the Court will rule in favor of Defendants and the Union Intervenors on whether that affirmative defense is successful. That

consideration is not relevant on the question as to whether the Defendants may assert the affirmative defense through amendment.

## CONCLUSION

Because Defendants and Union Intervenors have established good cause for the amendment of the scheduling order and Answer, and Plaintiff has failed to show grounds why that relief should not be granted, Union Intervenors request the Court to permit these amendments.

Respectfully submitted,

DATED: August 24, 2009          CALIFORNIA TEACHERS ASSOCIATION


By: /S/
Michael D. Hersh
Attorneys for Union Intervenors CTA and CUEA

# DECLARATION OF MICHAEL D. HERSH

I, Michael D. Hersh, declare:

1.  I am lead counsel for the California Teachers Association and Capistrano Unified Education Association, together the Union Intervenors, in the above captioned case.

2.  Though Dr. Corbett is a member of both the California Teachers Association and Capistrano Unified Education Association, I have respected the request of his attorney in this case, Daniel J. Spradlin, to refrain from communications to Dr. Corbett outside the presence of Mr. Spradlin or Ms. Krauss. My knowledge of the facts in this case comes from the informal and formal discovery conducted by the parties in this litigation and media reports that featured interviews with Plaintiff or Dr. Corbett.

3.  When I filed the Union Intervenors' Proposed Answer, as part of the motion to intervene and later the Union Intervenors' Answer, I included a number of affirmative defenses that I thought might become significant in the course of litigation or because the forms I consulted had included such defenses. At that point I had only the facts pleaded by Plaintiff in the FAC, did not see a factual or legal basis upon which to show a qualified immunity defense available to Dr. Corbett.

4.  On August 23, 2009, I used my work computer to visit the web site of Plaintiff's attorneys, Advocates for Faith and Freedom, www.faith-freedom.com and downloaded a May 4, 2009 press release announcing the Court's May 1, 2009 ruling. The press release refers to the Court's ruling as a "first-of-its-kind" decision. A true and correct copy of the press release is attached hereto as Exhibit A.

5. I have read the Declaration of Daniel J. Spradlin, attached to the Defendants' moving papers. In paragraphs 3 through 7 of that declaration, Mr. Spradlin describes pleadings and discovery documents. I am competent to testify as to the veracity of Mr. Spradlin's descriptions, having been served with the same documents. I adopt as my own the facts set forth in those paragraphs as if I had set them forth in this declaration. As did Defendants, Union intervenors exercised due diligence in discovery and throughout this litigation, but did not attempt to litigate the affirmative defense of qualified immunity because until the May 1, 2009 ruling of the Court, Union Intervenors did not believe it was available where Plaintiff was contending that Dr. Corbett's pattern of hostility was incessant and carried out over an extended period of time.

6. Immediately after receiving the Court's May 1, 2009 ruling, and independent of Defendants, I began researching the availability of the qualified immunity affirmative defense in light of the Court's ruling. Having reached the same conclusion for the same reasons as Defendants, the Union Intervenors have joined with the Defendants efforts since then to have the Court rule on the availability of the affirmative defense to Dr. Corbett.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct, and if called upon to do so, I could and would competently testify thereto.

Executed on August 24, 2009, in Culver City, California.

_____
MICHAEL D. HERSH

-8-

TOTAL P.01

EXHIBIT A

**Advocates for Faith and Freedom News Release**
**May 4, 2009 – FOR IMMEDIATE RELEASE**
**Contact Lori Sanada: 951.304.7583**

**ORANGE COUNTY, Ca.** – A federal district court rendered a first-of-its-kind decision late Friday. A high school student, Chad Farnan, filed a lawsuit against his teacher alleging the teacher was hostile toward Christians and religion in general. After both sides filed motions asking the court for a final ruling, the Judge heard oral arguments and held that Dr. Corbett did violate the Establishment Clause by stating "an unequivocal belief that creationism is 'superstitious nonsense.'" The Court went on to hold that Dr. Corbett's statement "constitutes improper disapproval of religion in violation of the Establishment Clause."

A sophomore honors student at Capistrano Valley High School, Chad Farnan, is a student in Dr. Corbett's Advanced Placement European History class. While teaching the class, Farnan alleged that Dr. Corbett spent an extended period of time at the beginning of each class discussing topics that are not only irrelevant to history, but also inflammatory and often altogether inappropriate for high school students. As a result of Dr. Corbett's statements, Mr. Farnan filed a federal lawsuit for a violation of his First Amendment rights.

"Dr. Corbett stepped over the line of what is constitutionally permissible," said Advocates' General Counsel, Robert Tyler. "This opinion is constitutionally unique because the Establishment Clause is usually used against religion under guise of the so-called "separation of church and state", but this case shows that the Establishment Clause prevents hostility towards religion and is a promising step towards protecting every students' constitutional rights."

This case recognizes that far too often the Establishment Clause is invoked when there is a perceived promotion of religion by a governmental actor, but is not applied with equal force where a government actor like Dr. Corbett shows disapproval of religion. The Honorable Judge Selna stated the following: "The Supreme Court's comments with regard to governmental promotion of religion apply with equal force where the government disapproves of religion."

"The constitutional rights of the students were compromised by Dr. Corbett." said Advocates' Associate General Counsel, Jennifer Monk. "It is constitutionally impermissible for Dr. Corbett to use his classroom as a bully pulpit to display his personal disapproval of Christianity. As the Court correctly determined, Dr. Corbett violated the Establishment Clause."

The Farnan family released the following statement: "We are proud of Chad's courageous stand. We are thrilled with the Judge's ruling. It is a vindication of his constitutional rights."

Advocates for Faith and Freedom is a national non-profit legal organization whose aim is to protect religious liberty in the courts. To learn more about our organization, please visit www.faith-freedom.com. A copy of the Court's ruling can be found here.

**Advocates for Faith and Freedom** • 24910 Las Brisas Road, Suite 110 • Murrieta, CA 92562
Ph: 951.304.7583 • Fax: 951.600.4996 • www.faith-freedom.com