1  MICHAEL D. HERSH - *[State Bar No.144095]*
   mhersh@cta.org
2  CALIFORNIA TEACHERS ASSOCIATION - LEGAL DEPARTMENT
   11745 East Telegraph Road
3  Santa Fe Springs, California   90670
   Telephone: 562.478.1348
4  Fax: 562.478.1434

Attorneys for Union Intervenors CALIFORNIA TEACHERS ASSOCIATION;
and CAPISTRANO UNIFIED EDUCATION ASSOCIATION

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| CHAD FARNAN, a minor, by and through his parents BILL FARNAN and TERESA FARNAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT; DR. JAMES CORBETT, et al.,<br><br>Defendants.<br><br>CALIFORNIA TEACHERS ASSOCIATION/NEA; and CAPISTRANO UNIFIED EDUCATION ASSOCIATION,<br><br>Union Intervenors for Defendants. | Case No. : SACV-07-1434 JVS (ANx)<br><br>*BEFORE THE HONORABLE JAMES V. SELNA – COURTROOM 10C*<br><br>**UNION INTERVENORS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A DETERMINATION THAT DR. CORBETT IS ENTITLED TO QUALIFIED IMMUNITY**<br><br><u>**HEARING PENDING**</u><br><br>DATE:        August 31, 2009<br>TIME:         1:30 p.m.<br>COURTROOM:   10C/Judge Selna |

///

///

-1-

John Adams demonstrated tremendous bravery and skill in defending public employees, including the British soldiers involved in the Boston Massacre trials. Plaintiff reminds us that Adams had great respect for facts, but John Adams would likely have been disappointed by the absence of them in Plaintiff's Opposition papers. In light of the very specific quotations and citations to Plaintiff's own papers that Defendants set forth in their moving papers, John Adams might have expected Plaintiff to bring forth evidence to support Plaintiff's claim that he had not been litigating this case as the "policy and practice" pattern case set forth in the FAC and continued through the arguments over Summary Judgment. The quotations included in Defendant's motion at pages two through five and the Declaration of Daniel Spradlin in support of the Defendants' Motion for an Order to Amend provide evidentiary support for Defendants' position. Plaintiff's failure to point to contrary assertions in his own pleadings and papers or provide supporting declarations is damning.

Concerning the instant motion, the recent Supreme Court decision in *Safford Unified School District v. Redding*, 129 S.Ct. 2633, 77 USLW 4591 (2009) dealt with school personnel who conducted a highly invasive search of a young female student suspected of distributing Ibuprofen at school. The Ninth Circuit *en banc* and Supreme Court decisions determined that the student's Fourth Amendment right was violated by a search that included peering into her undergarments for the contraband pain-killer. Despite an invasion of privacy that the Supreme Court clearly found shocking and extreme, the Supreme Court majority held that the school personnel who conducted that search were shielded by qualified immunity. Though the right to be free from unreasonable searches is certainly well established in the popular mind, the jurisprudence on exactly when a particular search becomes unconstitutional is complex and not necessarily consistent from jurisdiction to jurisdiction. *Id.* at 2643-2644.

The case law involving the Establishment Clause in the classroom is also

very complex, and not subject to simple or clear characterization. Application of the *Lemon* test is a fact intensive and context bound endeavor. In addition, the identical governmental action may violate the Establishment Clause in one situation, but not another. For example, required Bible reading in Abington Township may violate the Establishment Clause, but reading aloud the same biblical passages in Literature or Religious History courses would generally not violate the Establishment Clause. The Court found that one statement by Dr. Corbett evidenced hostility to religion in violation of the Establishment Clause, but not every statement that evidences hostility to religion would fail the *Lemon* test. If they did, we would not need the *Lemon* test. This is an area where the parties and Court in this case have had to do extensive legal research and struggled with an astonishingly broad and varied body of law. It is wrong to imagine a teacher would find these waters clear for navigation.

There are a myriad of federal cases where the policies of a School District, such as adoption of a curriculum, text, or ceremonial prayer have been challenged as violations of the Establishment Clause, but the parties have searched far and wide without much success for cases where a single statement by itself - even a pattern of statements by a teacher were found to violate the Establishment Clause. Without a body of case law that explores relevant facts in specific cases concerning the application of the relevant Constitutional right, an individual public employee will not have a clearly established understanding of the permissible range in which professional discretion may be exercised.

As noted in Union Intervenors' Reply to Plaintiff's Opposition to Defendants' Motion for Order Amending Scheduling Order, Plaintiff's counsel, Advocates for Faith and Freedom, characterize the Court's May 1, 2009 ruling as a "first-of-its-kind" decision. That is a statement with which Union Intervenors

///

///

agree, but it is not one that supports Plaintiff's contention that the qualified immunity defense is unavailable to Dr. Corbett.

DATED: August 24, 2009

Respectfully submitted,

CALIFORNIA TEACHERS ASSOCIATION

By: /S/
Michael D. Hersh
Attorneys for Union Intervenors CTA and CUEA